## CLICK v. STATE.

(Court of Criminal Appeals of Texas. Feb. 26, 1913.)

Appeal from Sabine County Court; T. R. Smith, Judge.

Joe Click was convicted of aggravated assault, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for aggravated assault.

The facts and the legal questions in this case are practically the same, if not identically the same, as in the case of Caples v. State, 155 S. W. 267, this day decided. It is unnecessary to go into a further review of the questions involved. The assault was by several parties upon the alleged injured party and the facts and questions being the same were sufficiently reviewed in the Caples Case.

The judgment is affirmed.

## RUSSELL v. STATE.

(Court of Criminal Appeals of Texas. Feb. 26, 1913.)

Appeal from Sabine County Court; T. R. Smith, Judge.

John Russell was convicted of aggravated assault, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This is a conviction for aggravated assault. This is a companion case to John Caples v. State, 155 S. W. 267, this day decided. The facts and questions are the same in this case as in the Caples Case. Under the authority of that case, the judgment is affirmed.

## THORNTON v. STATE.

(Court of Criminal Appeals of Texas. Feb. 26, 1913.)

Appeal from Sabine County Court; T. R. Smith, Judge.

Hardy Thornton was convicted of aggravated assault, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This appeal is from a conviction for an aggravated assault, and is a companion case of that of Caples v. State, 155 S. W. 267, this day decided.

The facts and questions in this are practically, if not identically, the same as in said Caples Case. They are stated and reviewed in that sufficiently to correctly dispose of this. Following that decision, this case will be affirmed.

## ELMO ROCK CO. v. SOWDERS.†

(Court of Civil Appeals of Texas. Dallas. March 15, 1913. Rehearing Denied March 29, 1913.)

APPEAL AND ERROR (§ 724*)—ASSIGNMENTS OF ERROR—WAIVER.

Assignments of error not in compliance with Courts of Civil Appeals rules 24 and 25 (142 S. W. xii), providing that assignments of error must distinctly specify the grounds of error, and defining a distinct specification of error, are waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by J. B. Sowders against the Elmo Rock Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Dashiell, Crumbaugh & Coon, of Terrell, and Meador & Davis, of Dallas, for appellant. Wynne & Wynne, of Wills Point, for appellee.

RAINEY, C. J. Appellee brought this suit against the appellant to recover damages for personal injuries received by him while working as an employé of appellant as a machinist in a rock quarry; that the injury was caused by the falling of a derrick, due to the negligence of appellant.

Appellant answered by general demurrer, general denial, assumed risk, and contributory negligence.

A trial resulted in a verdict and judgment for $5,000 in favor of appellee, from which this appeal is taken by appellant.

In this case we feel constrained to hold that none of the assignments of error presented by appellant's brief can be considered by us for a failure to comply with rules 24 and 25 (142 S. W. xii), promulgated by the Supreme Court for the government of the Courts of Civil Appeals.

In the cases of Railway Co. v. Ledbetter, 153 S. W. 646, and Lee v. Moore, 157 S. W. ——, both recently decided by this court and yet unpublished, it was held that by noncompliance with said rules by the appellant in presenting the assignments they were treated as waived, and were not considered.

There is no fundamental error presented by the brief or the record, and the judgment is affirmed.