### CHICAGO, R. I. & G. RY. CO. v. PEMBERTON.†

(Court of Civil Appeals of Texas. Dallas. March 29, 1913. Rehearing Denied April 5, 1913.)

APPEAL AND ERROR (§ 759*) — ASSIGNMENTS OF ERROR—BRIEFS.

The assignments of error not complying with Courts of Civil Appeals Rules 23–25 (142 S. W. xii) for preparation of briefs, and no fundamental error appearing, errors will be treated as waived and will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Henry Pemberton against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

N. H. Lassiter, Robt. Harrison, and R. M. Rowland, all of Ft. Worth, and Bennett Hill, of Dallas, for appellant. W. L. Crawford, Jr., and Carden, Starling, Carden & Hemphill, all of Dallas, for appellee.

RAINEY, C. J. Appellee was injured by the neglience of the appellant while helping to unload a car of brick which was standing on a side track of appellant at Irving, Tex. He was standing in his wagon near the car when other cars were propelled against the car load of brick, which he was unloading, and which caused the wagon to be suddenly moved, throwing appellee to the ground, and the fall caused his injuries. He brought suit against the appellant for damages, and appellant pleaded that one of its employés gave the plaintiff notice that they were about to move a car against this car of bricks so that if his wagon was against the car he could move it, and that the plaintiff was guilty of contributory neglience in failing to move the wagon so that the movement of the car would not move the wagon; and was further guilty of contributory negligence in having and leaving the bridle reins of the horses attached to the car so that a movement of the car would jerk the horses and frighten them and cause them to run away, and that the plaintiff's negligence in these respects proximately contributed to cause the accident. On a trial of the case the plaintiff recovered a judgment for the sum of $3,500, from which judgment the appellant has duly appealed the case to this court.

There are four assignments of error presented in appellant's brief, but none of them comply with rules 23, 24, and 25 (142 S. W. xii) prescribed by the Courts of Civil Appeals of this state for the preparing of briefs in presenting causes to this court, and such errors must be treated as waived, and they will not be considered in reviewing this case. There are no fundamental errors presented by the brief, nor are any found in the record. The brief fails to point out the page of the transcript wherein the alleged error was called to the attention of the trial court in a motion for new trial, nor does it anywhere point out the page of the transcript where the motion for a new trial is to be found. Railway Company v. Ledbetter, 153 S. W. 646; Lee v. Moore, 157 S. W. ——, and Railway Co. v. Hendricks, 157 S. W. ——, neither yet officially published.

The members of the court derive no personal satisfaction from the enforcement of said rules, but we believe they were made for observance in that the trial court in pass-

---

† Writ of error granted by Supreme Court.

ing on the motion for a new trial might be fully apprised of errors committed, if any, and giving him an opportunity to correct them, thereby saving time and expense of an appeal; also to save labor and time of the crowded appellate courts and insuring more rapid dispatch in the disposition of causes. This, we think, is the spirit of the rules, and by the enforcement thereof the results flowing therefrom will be beneficial and their wisdom will be demonstrated. We believe the said rules will lessen the labors of the court, facilitate the administration of justice, and, so believing, our duty is to enforce them.

The appellee has filed a brief, and, as the assignments presented by appellant will not be considered, the judgment will be affirmed.