TEXAS MIDLAND R. R. v. CUMMINS.

(Court of Civil Appeals of Texas. Dallas. April 5, 1913. Rehearing denied May 3, 1913.)

1. APPEAL AND ERROR (§§ 743, 760*)—ASSIGNMENTS OF ERROR—BRIEF—RULES OF COURT.

Where neither the assignments of error, complaining of the denial of a continuance, nor the brief of appellant point out the paragraph of the motion for new trial wherein the error is complained of, the assignments and brief do not conform to Court of Civil Appeals rules 24, 25, 31 (142 S. W. xii, xiii), relative to preparing a cause for submission and the briefs, and the assignments will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011, 3095; Dec. Dig. §§ 743, 760.*]

2. APPEAL AND ERROR (§ 743, 760*)—ASSIGNMENTS OF ERROR—BRIEF—RULES OF COURT.

Where an assignment of error complained of the refusal to sustain a designated paragraph of the motion for new trial on the ground that the verdict is contrary to the law and the evidence, and the brief of appellant showed the pages of the transcript where the motion could

be found, the assignment and brief substantially complied with Court of Civil Appeals rules 24, 25, 31 (142 S. W. xii, xiii), and the assignment will be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011, 3095; Dec. Dig. §§ 743, 760.*]

3. TRIAL (§ 143*)—QUESTION FOR JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting, but not so decidedly one way as to be susceptible of but one just opinion, the court may not withdraw the question from the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by C. B. Cummins against the Texas Midland Railroad. From a judgment for plaintiff, defendant appeals. Affirmed.

Henry C. Coke, of Dallas, and Dasheill, Crumbaugh & Coon, of Terrell, for appellant. Lee R. Stroud, of Kaufman, and Wynne & Wynne, of Wills Point, for appellee.

TALBOT, J. C. B. Cummins, the appellee, sued the appellant, Texas Midland Railroad, for damages in the sum of $24,500, and alleged that on February 9, 1911, about 5 o'clock a. m., he bought a ticket from defendant's agent at Paris, Tex., to Jacksonville, Tex., by way of Kaufman, Tex; that he boarded defendant's train and became a passenger, but before the train left he went out of said train for the purpose of getting a grip he had left in defendant's depot; that he got down the car steps safely, but when he started for the depot after the grip, the depot grounds being very dark, his foot, while elevated in stepping, struck on top of a long plank something like a two by eight, which seemed to him to be set up on edge as if for a curb; that this plank caused him to stumble; that the edge of the plank was or seemed to him to be rounded, that the dirt or gravel or filling of the platform on the inside of the plank or curb was gone, so that there was nothing for his toes to rest on; that this left him with all his weight resting on one foot on the top of the edge of the plank which was several inches high on the outside next to the cars, so that he had to fall forward on the platform or backward off of it; that in struggling to balance himself to avoid falling either way he fell backwards off the platform with his whole weight on the foot which had caught on said plank; that he was thereby caused to fall very hard with his head and shoulders under the edge of the car; that he was a large man, and, all his weight being thrown on one foot and leg, he received a great injury, and his ankle, leg, and foot were strained and sprained, his knee was injured, his hip strained and bruised; that he had thereby been made a cripple for life; that, although assisted by others who came to his rescue, his foot and ankle became rapidly worse; that he had to stop

off at Kaufman and call in a physician; that he suffered great pain and anguish; that he always followed callings that required much walking and getting about, and that his injuries had disabled him from doing so in the future; that when injured he was a salesman for an Automatic Jack Company, and was earning $25 per day net; that he would and could have continued to earn said sum but for his injuries. Plaintiff alleged that defendant was negligent in allowing said plank to be where it was; that said plank was too close to the cars; that its top edge was round and worn; that there was no filling either on the inside or outside of said plank; that the depot grounds were dark and not lighted. Defendant answered by general and special exceptions, general denial, and specially plead that its depot grounds were sufficiently lighted, that its platform was of brick, with smooth, hard surface; that the platform of cinders was not put down until 10 days after the accident, and further that plaintiff, while bothered and worried about his grip, which he had left in the depot, hurriedly left the train, going very fast; that it was raining, the steps slippery from the rain, and as plaintiff came down said steps his foot slipped on one of said steps, and he fell and sustained his injuries; that said injuries to plaintiff were the result of his contributory negligence in hurriedly leaving the car as aforesaid. The case was tried before the court and a jury, and the trial resulted in a verdict and judgment for plaintiff in the sum of $2,500, and the defendant appealed.

[1] Appellant's first and second assignments of error are grouped and complain of the court's action in overruling its applications to continue the case for the term or postpone the trial thereof to a latter day of the term at which it was tried. Neither of these assignments nor the brief point out the paragraph of the defendant's motion for a new trial wherein the supposed error of the court in refusing to postpone or continue the cause was complained of, and the assignments are not therefore in compliance with the rules governing the preparation of cases for submission in this court, and not entitled to consideration. Indeed, neither the assignments nor the brief at any place disclose that said supposed error was called to the attention of the trial court in defendant's motion for a new trial at all. That such an assignment, under amended rule 24 and rules 25 and 31 (142 S. W. xii, xiii), should not be considered, can hardly be questioned. This court has declined several times recently to consider such an assignment. Railway Co. v. Ledbetter, 153 S. W. 646; and Lee v. Moore, 158 S. W. ——;† Brewer v. Blythe & Co., 158 S. W. ——;† Benton v. Kuykendall, 156 S. W. ——;† Railway Co. v. White, 158 S. W. ——;† Railway Co. v. Pem-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes
†Rehearing pending

berton, 155 S. W. 652; Elmo Rock Co. v. Sowders, 155 S. W. 270, decided by this court, and not yet published. We will say, however, that it appears that this was appellant's third application for a continuance, and that, if the assignment was properly briefed, we should be constrained to hold, under the many decisions of our appellate court upon the subject, that the trial court did not abuse its discretion in the rulings complained of.

[2, 3] The third and fourth assignments are to the effect that the court erred in failing to sustain the seventeenth paragraph of the defendant's second amended motion for a new trial filed July 19, 1912, which reads as follows: "The verdict of the jury is contrary to the law and the evidence, in this: that the evidence showed there was no plank on defendant's platform at Paris, and that defendant's said platform was made of brick, and was smooth and in good condition, and not made of cinders." This assignment does not strictly comply with the rules, in that the page of the transcript where the paragraph of the motion for a new trial therein referred to may be found is not stated (rule 31), but we have concluded to consider it. The paragraph of the motion for a new trial wherein the matter complained of was set forth is disclosed by the assignment and the pages of the transcript where said motion may be found are given in the brief. This we regard as a substantial compliance with the rules, or such an effort to comply with them as entitles the assignment to consideration. Texas Company v. Strange, 154 S. W. 327 decided at this term, but not published. Does the assignment point out reversible error? We think not. The question raised by it is one of fact, which was properly submitted to the jury for their determination. The evidence was conflicting, but not so decidedly one way as to be susceptible of but one just opinion. This being true, the court was not authorized to take the question from the jury. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

The fifth and sixth assignments of error are, in substance, that the court erred in failing to sustain the nineteenth paragraph of the defendant's motion for a new trial filed July 19, 1912, which reads thus: "The verdict of the jury is contrary to the law and the evidence, in this, that the evidence clearly shows that the defendant's platform at Paris was sufficiently lighted to enable passengers to enter the cars without difficulty." Like the third and fourth assignments of error, these assignments do not strictly comply with the rules, but for the reasons stated in discussing the third and fourth assignments of error these assignments will be considered, and for similar reasons given for overruling said third and fourth assignments they will also be overruled. Whether the "defendant's platform at Paris was sufficient-ly lighted to enable passengers to enter the cars without difficulty," or to exonerate defendant from the plaintiff's charge of negligence in that said platform was not sufficiently lighted, was an issue of fact for the jury. The evidence was conflicting on this question, but clearly sufficient to require the submission of it to the jury, and the jury having resolved it in favor of appellee we would not be warranted in disturbing their verdict.

Finding no reversible error in the record, the judgment is affirmed.