## MURPHY v. EARL.

(Court of Civil Appeals of Texas. El Paso. Oct. 10, 1912. On Motion for Rehearing, Oct. 30, 1912.)

1. APPEAL AND ERROR (§ 502*)—QUESTIONS REVIEWABLE—RECORD—MOTION FOR NEW TRIAL.

Under Courts of Civil Appeals Rule 24 (142 S. W. xii), providing that each assignment of error must distinctly specify the grounds of error relied on in the motion for new trial, and that a ground of error not set forth in the motion for new trial shall be considered as waived, assignments of error complaining of the giving and refusal of instructions must be treated as waived where there is no motion for new trial in the record, and in the absence of fundamental error the judgment will be affirmed without any inquiry into the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2306–2309; Dec. Dig. § 502.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 285*)—FUNDAMENTAL ERROR—OVERRULING DEMURRER.

The error in overruling a general demurrer to the answer is not fundamental error and cannot be considered without motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1684–1690; Dec. Dig. § 285.*]

3. APPEAL AND ERROR (§ 281*)—QUESTIONS REVIEWABLE—RULES OF COURT — MOTION FOR NEW TRIAL.

Courts of Civil Appeals Rule 24 (142 S. W. xii), providing that each assignment of error must distinctly specify the grounds of error relied on and set forth in the motion for new trial, and that a ground of error not distinctly set forth in the motion shall be considered as waived, and District Court Rule 71a (145 S. W. vii), requiring a motion

for new trial in all cases as a prerequisite to appeal, except in cases where the statute does not require a motion for new trial, require a motion for new trial in every case except such cases as by statute do not require a motion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

4. BROKERS (§ 65*)—EVIDENCE (§ 434*)—EMPLOYMENT — CONTRACTS BETWEEN PRINCIPAL AND BROKER—VALIDITY—PAROL EVIDENCE.

An agent, employed to procure a purchaser of land at $40 per acre for a 10 per cent. commission, who, by fraud, induced the owner to sign a contract, with the name of the purchaser blank, to sell at $20 per acre, while the agent had a purchaser at $40 per acre, and who inserted in the blank the name of a third person who should hold title in trust for the agent, who executed a receipt of resale to another, could not maintain an action for the owner's failure to perform the contract of sale, and the owner, if in ignorance of the facts at the time of the signing of the contract, could prove by parol the fraud of the agent and defeat a recovery.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65;* Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

Error from El Paso County Court; A. S. Eylar, Judge.

Action by John H. Murphy against E. W. Earl. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Frank G. Morris and S. B. Gillett, both of El Paso, for plaintiff in error. McBroom & Scott, of El Paso, for defendant in error.

PETICOLAS, C. J. This was a suit tried before a jury in the county court of El Paso county, Tex., by John H. Murphy against E. W. Earl for failure to perform a contract of sale by the execution of a deed, resulting in a judgment on January 22, 1912, in favor of E. W. Earl. There is no motion for a new trial in the record. The assignments of error are addressed to the overruling of one of plaintiff's special exceptions to error in giving a certain special charge, to error in giving certain paragraphs of the main charge, and in refusing to give a special charge requested by plaintiff.

[1] Among the rules adopted regulating practice in the Courts of Civil Appeals, which went into effect January 1, 1912, is rule No. 24 (142 S. W. xii), which is as follows: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23."

We find no error so fundamental as that the court would act upon it without an assignment of error. The judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court, and as the rule quoted provides that each assignment of error must distinctly specify the grounds of error relied on and set forth in the motion for a new trial, and that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived, it follows that each and all of these assignments of error must be treated in this court as having been waived; and, there being no fundamental error, the case must be affirmed without an inquiry into its merits, and it is so ordered.

On Motion for Rehearing.

[2] The plaintiff in error now contends that, when the trial court overruled his general demurrer to the defendant's answer, such action was fundamental error, and therefore could be considered without a motion for a new trial. We do not agree to this contention, and are of opinion that the action of the trial court on said demurrer was not fundamental error.

[3] Plaintiff in error also contends that rule 24 for the Courts of Civil Appeals must be construed in connection with rule 71a (145 S. W. vii) of the district court rules, which last-mentioned rule requires a motion for new trial in all cases as a prerequisite to an appeal, except in such cases as the statute does not require a motion for new trial. Plaintiff in error construes these rules to mean that no motion for new trial is necessary except in cases where the statute requires a motion. In our opinion the correct construction is exactly the opposite of this— that these rules require a motion in every case except such cases as by statute do not require a motion for new trial.

Plaintiff in error contends further that rule 24 did not go into effect until January 24, 1912, and, upon investigation, this seems to be correct; as the instant case had proceeded to judgment on January 22, 1912, he contends that we should not apply said rules. The question in our mind is not whether we should or should not apply said rules, but whether we have any discretion in the premises, and whether, if the rule is applicable, we are not bound to apply it. As a measure of precaution, however, we have investigated the merits of the case and may briefly state them as follows:

[4] E. W. Earl listed certain land for sale with John H. Murphy at $40 per acre, agreeing that Murphy was to receive 10 per cent. as his commission. Thereafter Murphy advised Earl that he could not sell the land for more than $20 per acre, and that he had a purchaser at that amount. Earl, relying upon such representations, agreed to complete the sale at $20 per acre and pay Murphy 10 per cent. At that time Murphy

had in fact procured a purchaser at $40 per acre. It was alleged that he fraudulently concealed this from Earl, and that the representations made by Murphy in his fiduciary capacity were fraudulently made for the purpose of defrauding Earl. Plaintiff first brought his suit showing substantially the above facts. He afterwards amended his petition and sued for damages upon the transaction as upon a contract of sale by defendant to him. The record shows that Murphy took to Earl an earnest money receipt, in the ordinary form, with the name of the purchaser blank, and reciting $20 per acre as the price of the land. Earl executed the contract. Murphy inserted in the blank the name of F. C. Davis, who was to hold title in trust for Murphy, and then Murphy executed another receipt of resale of the property to one Catlin, which he signed, "Murphy, Agent." Earl discovered these facts, sold the land at $40 to Murphy's man, and refused to pay Murphy the difference of $20.

Plaintiff in error's entire contentions seem to be based upon the fact that, having induced Earl to execute a written contract, he was bound thereby as though it had been a sale to Murphy at $20 per acre, and that Earl could not show the real transaction by parol testimony. To state it in other words, the position seems to be that Murphy (who was Earl's agent and thereby bound to disclose every fact to him) could induce Earl to sell at $20 by representing that that was all he could get, at the same time sell the land at $40 and pocket the difference; that, no matter what fraudulent representations he may have made to Earl, if he could succeed in getting Earl to sign a written contract, in ignorance of the true facts, the trial court and this court should assist him in the perpetration of said fraud by refusing to allow Earl to show the true facts.

We have examined each of the assignments of error, and find no error which should reverse the case. Therefore, without deciding whether we are called on to apply rule 24 for Courts of Civil Appeals in its strictness, we overrule the motion.