### TIEFEL BROS. & WINN v. MAXWELL.

(Court of Civil Appeals of Texas. Amarillo. Jan. 11, 1913. Rehearing Denied March 1, 1913.)

1. DETINUE (§ 1*)—TROVER AND CONVERSION (§ 13*)—NATURE OF ACTION—"TROVER."

An action for the recovery of specific personal property is in substance an ·action of "detinue," and in contradistinction to "trover," which is to recover damages for the conversion, lies for the recovery of personal chattels in specie where unlawfully detained, or for damages for their detention.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 1; Dec. Dig. § 1;* Trover and Conversion, Cent. Dig. §§ 103–116; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 3, pp. 2040, 2041; vol. 8, pp. 7111–7113.]

2. ACTION (§ 45*)—JOINDER OF ACTION.

Despite the rule that an action upon a tort may not be joined with one of contract, unless the tort grows out of or is related to the contract, an action in the nature of detinue may be joined with one in the nature of debt.

· [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–448; Dec. Dig. § 45.*]

**3. ACTION (§ 57*)—JOINDER OF ACTIONS.**

Where plaintiffs in one action sued for the possession of cattle and in another sued the same defendant upon a promissory note and a chattel mortgage which covered other live stock, the court properly consolidated the actions, where it appeared from defendant's cross-action that he made a contract with plaintiffs for them to furnish him with money to purchase the cattle described in the first action, and to pay off the note and mortgage declared upon in the second suit, and that in substitution he was to execute a larger note for the whole amount and another mortgage upon all the stock; the causes of action being based on a single transaction.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 632–675; Dec. Dig. § 57.*]

**4. SEQUESTRATION (§ 21*) — WRONGFUL SEQUESTRATION—MEASURE OF DAMAGES.**

Where defendant's cattle were wrongfully sequestrated, the measure of defendant's damages is the value of the same at trial, and not at the time of the levy.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 50–54; Dec. Dig. § 21.*]

**5 APPEAL AND ERROR (§ 907*)—STATEMENT OF FACTS—NECESSITY.**

In the absence of a statement of facts, it will be assumed that all material facts necessary to support the verdict were established at trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

**6. PLEADING (§ 214*)—REVIEW — PRESUMPTIONS.**

Where only a general demurrer was interposed to defendant's plea in reconvention for damages for the wrongful sequestration of cattle, every reasonable intendment will be indulged in favor of the plea on appeal, as upon the demurrer below.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

**7. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENTS.**

Where appellants' brief made no reference to the specification of errors in the motion for new trial, the assignments of error are insufficient under rules Nos. 24 and 25, providing that the statements thereunder must refer to that portion of the motion for new trial exhibiting the specifications of error complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Parmer County; D. B. Hill, Judge.

Actions by Tiefel Bros. & Winn against Thomas Maxwell which were consolidated. From a judgment for defendant on his cross-complaint, plaintiff appeals. Affirmed.

S. G. Bratton, of Farwell, and Carl Gilliland, of Hereford, for appellant. F. T. Roloson and W. H. Russell, both of Hereford, for appellee.

HENDRICKS, J.   The appellants, Tiefel Bros. & Winn, instituted two suits in the district court of Parmer county, against the appellee, Maxwell, numbered, respectively, 111 and 112, upon the docket of that court. In cause No. 111, appellants alleged the ownership in them of certain cattle, and that they were entitled to the possession of same, and that the property was in the possession of the defendant, Maxwell, praying for the title and possession of same. In cause No. 112, against the same defendant, the action of plaintiffs was based upon a promissory note, and a chattel mortgage, securing said note, and executed by defendant to a Hereford bank and purchased by the plaintiffs, the mortgage covering certain other live stock distinct from that sued for in cause No. 111, and in both cases writs of sequestration were levied upon the live stock, and, after the expiration of the time in which defendant could replevy, the plaintiffs replevined the stock in both causes, the plaintiffs' sureties upon the sequestration and replevin bonds in each cause being the same. In each of the causes, the defendant, Maxwell, answered substantially that the plaintiffs agreed to furnish, and did furnish, the money to purchase the cattle described in cause No. 111 and agreed to furnish him the money to pay off the above note and mortgage executed and delivered by him to the bank, and declared upon in cause No. 112, and as a consideration to plaintiffs he was to execute to them another note for a larger amount and to be secured by a new chattel mortgage upon all the stock described in both petitions, alleging a tender of the new note and mortgage and a breach by plaintiffs of the contract, and claiming actual and exemplary damages on account of the levy of the sequestration writs. The trial judge, upon the motion of defendant, consolidated the two causes, and, after the joinder, the parties pleaded substantially the same issues as in the separate causes, and the trial resulted, in a verdict and judgment in favor of defendants' cross-action, comprehending actual and exemplary damages.

[1, 2] First. The propriety of the action of the trial judge, in consolidating the two cases, is assailed in this court by appellants (plaintiffs below) on the principal contention that "one is an action of tort and the other is an action upon contract," and the tort does not grow out of, nor is related to, the contract.

The common-law rule invoked by appellants that an action upon tort may not be joined with one upon contract, unless the tort grows out of or is related to the contract, has no application to this record. The appellants, in cause No. 111, sued for the recovery of specific personal property, and the action would be construed, at common law, strictly as an action of detinue. They allege ownership and title in them of certain cattle and that they are entitled to the possession of same, merely alleging possession in defendants and a prayer for judgment for title and possession. In attempting to apply the technical common-law rule prohibiting the joinder of tort and contract, they are also met with the common-law distinction between the action of "trover" and the action

of "detinue." "The design of the action of trover is not to recover a thing in specie but to recover damages for the conversion thereof, and in this respect trover differs from detinue and replevin." Encyc. Pleading & Practice, vol. 21, p. 1013. "Detinue is a common-law action which lies for the recovery of personal chattels in specie where the same are unlawfully detained or for damages for their detention." Encyc. Pleading & Practice, vol. 6, p. 644. If cause No. 111 were an action of trover and conversion, at common law, where it is not connected with the contract, an action upon contract could not be joined with it. But Mr. Chitty, in his great work on Pleading (volume 1, marginal page 200), under the title "Joinder of Actions," declares the rule to be at common law that "debt and detinue may be joined together, though in all these cases the pleas are different, and in detinue the judgment also varies from the form of the judgment in debt." And Mr. Gould, in his standard work on Pleading (page 198), recognizes the rule that "debt and detinue may be joined in one action, although they require different general issues; for not only is the judgment at common law the same in both, but the actions of debt and detinue are essentially the same in character, the only material difference being that one is brought for a sum of money, and the other for the recovery of specific chattels." Judge Lipscomb, in the case of O'Shea v. Twohig, 9 Tex. 341, 342, in commenting upon the plaintiff's cause of action, and the nature of it, set up in that case, remarks that "the suit was brought for the wood, and the doctrine of the action of detinue must govern it," and further announces that, "although we do not acknowledge the common-law forms of action, yet, when property is sued for, the principles of law defining and governing that action must be resorted to, we having adopted the common law, without its forms of action," and, while the action in that case was detinue, the recovery was for the value of the personal property.

It is unnecessary to discuss the common-law authorities as to the nature of the action of detinue, some asserting and some denying that it sounds in tort, or to differentiate and discuss the numerous authorities cited by appellants, none of which we deem applicable. Appellants' premise, upon which the assignment is based upon the real issue of joinder, is wrong, as there is an unanimity of legal opinion that detinue and debt may be joined, and the Supreme Court of this state, following the common law, without controversy, construes the action for the recovery of the cattle in this case as one solely of detinue; hence it was not error to join it with an action of debt.

[3] Again, the appellants have appealed this case without a statement of facts, and hence all the material allegations of defendant's cross-action are impliedly true; and

he avers, and the verdict of the jury resolves it, that he made a contract with the plaintiffs for the latter to furnish him the money to purchase the bunch of cattle described in the petition in the first suit, and to pay off the note and mortgage held by a certain bank, and declared upon by them in the second suit, and in substitution he was to execute and deliver a larger note for the whole amount advanced by plaintiffs, and another mortgage upon all the stock described in the petitions in both cases; and further alleges a failure of plaintiffs to comply with the contract. The contract being true, the causes of action of plaintiff were necessarily connected with it, and no injury whatever having been shown in this record, and all the parties being the same, even to the extent of all the sureties on the different bonds, the trial judge, we think, properly exercised that discretion permitted by statute in consolidating the two causes.

[4] Second. Appellants complain that an erroneous measure of damages was submitted by the trial judge; that is, that the value of the stock at the time of the levy of the writs of sequestration, and not the value of same at the time of trial, should have been the criterion for the jury. The Supreme Court, in the case of Luedde v. Hopper, 95 Tex. 172, 66 S. W. 55, has settled this question adversely to appellants. In that case a replevin bond was executed by defendant, and he construed the language of the statute, "the value of the property replevined," to mean the value of the same at the time of the trial. In this case the plaintiffs replevined the property after the expiration of the time in which defendant could replevin, but the statute also permits a recovery upon such a bond "for the value of the property replevined," and the same construction would necessarily prevail in the two instances; the analogy being complete. Irrespective of this ruling, without a statement of facts in the record, appellants are unable to disclose injury.

[5, 6] Third. The appellants contest the sufficiency of appellee's allegations in his cross-action for damages for the wrongful issuance and execution of the writs of sequestration. The appellee charged, in substance, that appellants caused to be sued out of the district court of Parmer county, Tex., the two writs of sequestration, and the execution by the sheriff upon the two bunches of stock described in plaintiff's petition, and the appellants in their petition in repleader aver the making of a proper affidavit, the execution of the sequestration bond, and the issuance of the writ, as to the bunch of cattle described in cause No. 111 and reproduced in the first count in said repleader.

Only a general demurrer was addressed to this pleading, and, of course, every reasonable intendment is to be indulged in by this court as to the sufficiency generally of said

plea. The verdict of the jury and the absence of the statement of facts in this record preclude inquiry as to the sufficiency of the proof. It is to be assumed that all material evidence necessary in law, and every material fact concluding the truthfulness of the allegations to sustain the judgment, were established upon the trial. The wrongful issuance and levy of the writs of sequestration was the issue, and the mere filing of the affidavits, without the latter, would not be wrongful, because the wrongful levy, and the real injury in law, had not occurred until the stock were seized.

Upon similar allegations, in the case of Knox v. McElroy, 118 S. W. 1144, Judge Neill of the Fourth district, said: "Only a general demurrer was interposed to the plea of reconvention, setting up defendant's claim for damages, and it was not called to the attention of, nor acted upon by, the court below. In view of this, every intendment that could have been indulged in favor of the plea, had the demurrer been insisted on, should be given here when the judgment is assailed on account of its insufficiency. Tested by this principle, we believe the pleading sufficient to support the judgment."

In that case, the plaintiff had taken a nonsuit, and the defendant had assumed the attitude of plaintiff on his cross-action as to the damages, on account of the wrongful sequestration.

The Supreme Court, in the same case (103 Tex. 357, 127 S. W. 795), upon an assignment of fundamental error in that court, set out fully the allegations for damages, and on account of the similarity of allegations in that case to the averments here, and with an absence of statement there contended for as necessary in this case, we conclude that case is authority for holding the allegations sufficient in this proceeding; the court holding the "allegations are sufficient to show that the writ of sequestration was wrongfully and intentionally issued for the purpose of depriving the defendants of the use of the lumber upon the land." The "wrongful," "fraudulent," "malicious," and "intentional" issuance of the writs of sequestration, for the purpose of dispossessing defendants of the use of the timber and land, were in substance the general allegations there; and the malicious suing out, and without probable cause, of the writs for the purpose of depriving defendant of the use and benefit of the stock and converting same to their own use, and for the purpose of injuring defendant, are substantially the allegations here.

[7] Fourth. The assignments of error, complaining of the action of the trial court, are not sufficient, tested by rules Nos. 24 and 25 (142 S. W. xii), regulating the preparation of causes for submission. The assignment of error, or at least the statements thereunder, "must refer to that portion of the motion for new trial" in the record exhibiting the specification of error complained of; in this case the errors are mentioned in the motion for new trial, but appellants' brief has no reference whatever to that part of the record. While we have discussed this case upon its merits, this court is disposed to enforce a substantial compliance with rules and demand an adherence thereto by the attorneys.

It is our opinion that all the assignments raised in appellants' brief should be overruled, and that the judgment of the district court of Parmer county, Tex., should be affirmed; and it is so ordered.