## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LEDBETTER.

(Court of Civil Appeals of Texas. Jan. 25, 1913. Rehearing Denied Feb. 15, 1913.)

APPEAL AND ERROR (§ 724*) — ASSIGNMENTS OF ERROR — BRIEF OF APPELLANT — REQUISITES.

Under Courts of Civil Appeals rules 24, 25 (142 S. W. xii), providing that an assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for new trial, or it will be waived, and that a distinct specification of error must point out the part of the proceedings in the record in which the error is complained of, and must refer to that part of the motion for new trial in which the error is complained of, assignments of error, which are not fundamental, will be considered waived on appeal where, in the brief of appellant, there is no reference to any motion for new trial in the lower court having been made by him, nor, if one was made, no reference to that portion thereof in which the error is complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

---

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by George W. Ledbetter against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

E. B. Perkins, J. E. Gilbert, and D. Upthegrove, all of Dallas, for appellant. Gibson & Calloway, of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellee against appellant and the Missouri, Kansas & Texas Railway Company of Texas to recover damages. The court instructed a verdict for the last-named road. Appellee alleges that his wife bought a ticket July 3, 1911, at Dallas, Tex., of the Missouri, Kansas & Texas Railway Company of Texas, to Gatesville, Tex., and return via the selling lines from Dallas to Waco, and that of this appellant from Waco to Gatesville and return, good until July 6th; that she went to Gatesville on the ticket, and presented it on July 5th to appellant's agent at Gatesville for validation, which was wrongfully refused. A trial resulted in a verdict and judgment for $900 against appellant, from which an appeal is prosecuted.

Thirty-eight errors are assigned and presented in the brief of appellant; but under the rules for the Courts of Civil Appeals, prepared by the Supreme Court, they are improperly submitted, and this court will not consider them. The rules relating to this matter are 24 and 25 (142 S. W. xii), rules for the courts of Texas: "(24) The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause, and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error, as mentioned in rule 23. (25) To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue, which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to, and must refer to

that portion of the motion for a new trial in which the error is complained of."

In the brief there is no reference whatever to any motion for a new trial in the lower court having been made by appellant; nor if one was made, is there any reference to "that portion of the motion for a new trial in which the error is complained of." This is a clear noncompliance with the rules above quoted, and therefore the assignments will be considered waived.

The appellee has filed a brief, and has called our attention to the violation of the rule as stated; and no fundamental error appearing upon the record, the judgment is affirmed.