SAN ANTONIO & A. P. RY. CO. v. GRAY.

(Court of Civil Appeals of Texas. Austin. Feb. 19, 1913.)

1. APPEAL AND ERROR (§ 281*) — ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL —GROUNDS.

Assignments based on errors not complained of in the motion for new trial, as required by Civil Appeals rules 23 and 24 (142 S. W. xii), cannot be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661; Dec. Dig. § 281.*]

2. APPEAL AND ERROR (§ 724*)—QUESTIONS RAISED ON APPEAL—BRIEF.

Where certain assignments of error do not point out the proceedings contained in the record in such manner as to identify the matters objected to as required by Civil Appeals rule 25 (142 S. W. xii), they cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

Appeal from Milam County Court; John Watson, Judge.

Action by H. L. Gray against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. J. Boyle, of San Antonio, and Henderson, Kidd & Gillis, of Cameron, for appellant. W. A. Morrison, of Cameron, for appellee.

RICE, J. This action was brought by plaintiff against appellant to recover damages in the sum of $350, alleged to have been occasioned by reason of the willful and wanton conduct of appellant's engineer in frightening a bunch of mules belonging to plaintiff while he was driving them along a public road adjacent to appellant's right of way leading from Cameron to Ben Arnold, in said county. The negligence alleged consisted in the wanton and willful blowing of the whistle, frightening said mules, whereby they were caused to jump into and against a barbed-wire fence, which extended along either side of said road, inflicting serious injury upon five of them. Appellant, after a general demurrer and general denial and a plea of contributory negligence, specially pleaded that appellee left one of the injured animals without any effort to save it, and that, if said mule had received proper and timely treatment, it would not have been permanently injured, and that appellee could thereby have minimized his damages. There was a jury trial, resulting in a verdict and judgment in behalf of appellee for the sum of $284.62, from which this appeal is prosecuted.

[1] There are five assignments of error, the first three of which relate to the admissibility of evidence over appellant's objection, and the fourth complains of the refusal of the court to give a special charge. Neither of these assignments can be considered by us for the reason that the grounds upon which they were based were not complained of in the motion for a new trial, without which they cannot be assigned as error. See Astin v. Mosteller, 152 S. W. 495; rules 23 and 24 for the government of the Courts of Civil Appeals (142 S. W. xii), the latter of which provides that the assignment must distinctly specify the grounds of error relied on, and be distinctly set forth in the motion for new trial in the cause; and a ground of error not distinctly set forth in such motion, etc., shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error, as mentioned in rule 23.

The last and remaining assignment complains that the facts are not sufficient to warrant the judgment. This matter was for the jury, who, upon sufficient evidence, have seen fit to render a verdict for appellee, for which reason it should not be disturbed by us.

[2] Before closing this opinion, we desire

to say that, even if said matters above referred to had been embraced in the motion for new trial, still appellant's brief complaining of them is not prepared in accordance with the rules of this court in this: That neither of said assignments pointed out the part of the proceedings contained in the record in such manner as to identify it, as required by rule 25 for the Courts of Civil Appeals (142 S. W. xii), for which reason we would have been justified in refusing to consider said assignments, even in the absence of objection thereto on the part of appellee.

Finding no error in the proceedings of the trial court, its judgment is affirmed.

Affirmed.