KONZ et al. v. HENSON.

(Court of Civil Appeals of Texas. El Paso. April 17, 1913. Rehearing Denied May 15, 1913.)

1. PAYMENT (§ 89*)—RECOVERY — EVIDENCE—PAYMENTS BY THIRD PERSON.

Where plaintiff claimed to have overpaid certain notes, evidence of payments made for plaintiff's benefit by one not a party to the suit was admissible.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 291–296; Dec. Dig. § 89.*]

2. RELEASE (§ 56*)—EVIDENCE.

A release of all demands growing out of certain suits was properly excluded as immaterial, where it appeared that the notes in controversy were not involved in such suits.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 101–105; Dec. Dig. § 56.*]

3. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS—STATEMENT.

An assignment of error not followed by a proposition and a statement will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL—REFERENCE.

Assignments of error which do not refer to that portion of the motion for a new trial in which the error is complained of, as required by Court of Civil Appeals Rule 25 (142 S. W. xii), will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

Appeal from Martin County Court; J. Turner Vance, Judge.

Action by R. N. Henson against Paul Konz and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Howard & De Armond, of Midland, for appellants. Chas. Gibbs, of Midland, and Graham B. Smedley, of Austin, for appellee.

HARPER, C. J. This is a suit brought by R. N. Henson against Paul Konz et al. for the sum of $580 and interest alleged to have been collected as attorney's fees upon certain notes; the question being whether or not the notes had been placed in the hands of an attorney for collection at the time they were paid. The defendants pleaded general denial and specially that on or about the 21st day of October, 1910, R. N. Henson, R. E. Henson, R. L. Henson, and J. E. Henson executed their certain release to E. P. Woodard for any claim for damages. The defendant Paul Konz specially pleaded that he and the defendants Woodard & Richards, a firm composed of E. P. Woodard and J. W. Richards, were the owners and holders of the said Ragland notes, together with a lien and a deed of trust to secure same, for a good and valuable consideration; and that demand was made upon the plaintiff and R. L. Henson for payment when the same became due and the payment was refused, and that they had a substitute trustee appointed and advertised the said land for sale under the deed of trust under the advice of their attorney, Jno. B. Howard, and that they had placed the notes in the hands of their said attorney for collection. "That the said defendants further pleaded that the said notes contained a maturing clause that, in the event said notes were not paid at maturity, then at the option of the owner or holder of any of them, should mature all of said notes."

[1] First assignment complains that the court erred in permitting the defendant Paul Konz to testify that R. L. Henson had paid a certain sum on the notes in controversy to him or to his bank as attorney's fees. His proposition is that it is not proper to admit evidence of payments made by one not a party to the suit. We do not so understand the rule of evidence. All matters pertaining to the main transaction become res gestæ and are always admissible. The matter under investigation by the court was the amount of money paid by plaintiff, and payments

made for his benefit, by whomsoever made, he was entitled to prove in order that the court might determine whether or not plaintiff had paid more than was due upon the notes.

[2] The second assignment of error charges that the trial court erred in not permitting the witness Konz to testify on cross-examination that the said R. N. Henson had signed, executed, and delivered a written release to E. P. Woodard for all claims originating or arising out of the Ragland notes.

The trial court qualified the bill of exceptions as follows: "The only release which was pleaded, of all demands * * * growing out of certain suits * * * and the evidence shows that the notes in question in this suit were not involved in said suit." The release and the evidence offered clearly show this to be a fact; therefore the court did not err in excluding the testimony because not relevant to any issue in the case.

What we have said above disposes of the third assignment, which complains of the action of the trial court in sustaining plaintiff's objection to the introduction of the release mentioned.

[3] The fourth we cannot consider, under the rules, because not followed by a proposition and statement.

[4] The fifth, sixth, seventh, eighth, ninth, and tenth assignments will not be considered by this court because they do not comply with rule 25 for the government of the Courts of Civil Appeals (142 S. W. xii), in that they do not refer to that portion of the motion for new trial in which the error is complained of. Railway Co. v. Ledbetter, 153 S. W. 646; Railway Co. v. Gray, 154 S. W. 229.

Judgment of the lower court affirmed.

McKENZIE, J., did not sit in this case.