IMPERIAL IRR. CO. et al. v. McKENZIE.

(Court of Civil Appeals of Texas. El Paso. May 1, 1913. On Rehearing, May 22, 1913.)

1. APPEAL AND ERROR (§ 743*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error which does not comply with Courts of Civil Appeals rule 25 (142 S. W. xii), providing that an assignment of error must refer to that part of the motion for new trial in which the error is complained of, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. APPEAL AND ERROR (§ 759*)—QUESTIONS REVIEWABLE—APPELLANTS' BRIEF—ASSIGNMENT OF ERROR.

Assignments of error incorrectly copied in appellants' brief will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from District Court, Pecos County; W. C. Douglas, Judge.

Action by T. N. McKenzie against the Imperial Irrigation Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. R. Hill and W. C. Jackson, both of Ft. Stockton, for appellants. Howell Johnson and Jno. R. Storms, both of Ft. Stockton, and J. F. Woodson, of El Paso, for appellee.

HIGGINS, J. This was an action by the appellee against the Imperial Irrigation Company and others for damages arising from trespasses by said company upon lands owned by the appellee. Upon trial before a jury, verdict was returned, and judgment thereon rendered in favor of the appellee against the Imperial Irrigation Company for the sum of $2,000.

[1] Rule 25 for the government of the Courts of Civil Appeals (142 S. W. xii) provides that an assignment of error must refer to that portion of the motion for a new trial in which the error is complained of. None of the assignments of error comply with this provision of the rule, and they will therefore not be considered. Railway Co. v. Ledbetter, 153 S. W. 646; Nunn v. Veale, 149 S. W. 758; Murphy v. Earl, 150 S. W. 486; Tiefel v. Winn & Maxwell, 154 S. W. 319; Railway Co. v. Gray, 154 S. W. 229.

[2] The assignments as copied in the brief cannot be considered for the further reason that they are not true copies of the originals appearing in the record, and this court has uniformly declined to consider assignments incorrectly copied in the brief. Mt. Franklin, etc., v. May, 150 S. W. 756; Biggs v. Miller, 147 S. W. 632; Horseman v. Coleman County, 57 S. W. 304; Martin v. Bank, 102 S. W. 131; Alexander v. Bowers, 79 S. W. 342; Railway Co. v. Adams, 55 Tex. Civ. App. 245, 118 S. W. 1155; Fessinger v. El Paso Times Co., 154 S. W. 1171, recently decided by this court and not yet officially reported.

No fundamental error appearing of record, the judgment is therefore affirmed.

McKENZIE, J., was disqualified and did not sit in this case.

On Rehearing.

HIGGINS, J. In opinion rendered upon rehearing in El Paso Electric Railway Company v. Lee, 157 S. W. 748, just filed and not yet officially reported, we at length state our reasons for declining to consider assignments of error which do not comply with that provision of amended rule 25 (142 S. W. xii), which requires the same to refer to that portion of the motion for a new trial in which the error is complained of. We here now refer to this opinion as stating in full our reasons for declining to consider the assignments in this case as violative of such amended rule.