CAIN v. DELANEY.

(Court of Civil Appeals of Texas. El Paso. May 15, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

An assignment of error not referring to that portion of the motion for a new trial in

which the error is complained of, as required by rule 25 of Courts of Civil Appeals (142 S. W. xii), will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SPECIFICATIONS OF ERROR.

An assignment of error in overruling defendant's motion for a new trial is too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

3. APPEAL AND ERROR (§ 759*)—BRIEFS—COPYING ASSIGNMENTS OF ERROR.

Assignments of error which are not true copies of the originals appearing in the record cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

4. APPEAL AND ERROR (§ 1135*)—AFFIRMANCE —INSUFFICIENT PRESENTATION OF CASE.

Where the assignments of error cannot be considered because insufficiently presented, and no fundamental error appears, the judgment will be affirmed.

[Ed. Note.—For other cases, see Appeal and Error Cent. Dig. §§ 4454, 4455; Dec. Dig. § 1135.*]

Appeal from El Paso County Court; A. S. J. Eylar, Judge.

Action by J. P. Delaney against William H. Cain. Judgment for plaintiff, and defendant appeals. Affirmed.

Jones & Jones, of El Paso, for appellant. Brown & Terry, of El Paso, for appellee.

HIGGINS, J. This was a suit by Delaney against Cain for commissions alleged to be due for certain services rendered. Upon trial before a jury, verdict and judgment was rendered in favor of the appellee in the sum of $290.25.

[1] Rule 25 for the government of the Courts of Civil Appeals (142 S. W. xii) provides that an assignment of error must refer to that portion of the motion for a new trial in which the error is complained of. None of the assignments comply with this provision of the rule. They will therefore not be considered. Railway Co. v. Ledbetter, 153 S. W. 646; Nunn v. Veale, 149 S. W. 758; Murphy v. Earl, 150 S. W. 486; Tiefel v. Maxwell, 154 S. W. 319; Railway Co. v. Gray, 154 S. W. 229; Imperial Irrigation Co. v. McKenzie, 157 S. W. 751, and Konz v. Henson, 156 S. W. 593; the last two cases cited having been recently decided by this court and not yet officially reported.

[2] The last assignment of error reads as follows: "The trial court erred in overruling and refusing to sustain defendant's motion for a new trial." Under numerous decisions this assignment is not entitled to consideration for the further reason that it is too general.

[3] A number of the assignments cannot be considered for the further reason that they are not true copies of the originals appearing in the record. Mount Franklin, etc., v. May, 150 S. W. 756; Biggs v. Miller, 147 S. W. 632; Horseman v. Coleman County, 57 S. W. 304; Martin v. Bank, 102 S. W. 131; Alexander v. Bowers, 79 S. W. 342; Railway Co. v. Adams, 55 Tex. Civ. App. 245, 118 S. W. 1155; Fessinger v. El Paso Times Co., 154 S. W. 1171, and Imperial Irrigation Co. v. McKenzie, 157 S. W. 751; the last two cited cases having been recently decided by this court.

[4] No fundamental error appearing, the judgment is. therefore affirmed.

McKENZIE, J., did not sit in this case.