## TEXAS CO. v. VELOZ.

(Court of Civil Appeals of Texas. El Paso.
May 29, 1913. On Rehearing,
Dec. 18, 1913.)

### On Rehearing.

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REQUISITES.

It is the duty of the Court of Civil Appeals to pass upon assignments of error, though they do not refer to that portion of the motion for a new trial where the error was complained of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. HIGHWAYS (§ 169*) — NEGLIGENT USE OF HIGHWAYS — DANGEROUS INSTRUMENTALITIES.

Assuming that an automobile which is out of repair is not, per se, a dangerous instrumentality, rendering its owner liable for damages for injuries to third persons, sustained while it is being driven by a person who is not his servant, an automobile, which was in such a bad state of repair that it was impossible to lessen or regulate its speed making it necessary to run it at full speed all the time, was a dangerous instrumentality when driven on a public highway.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 458; Dec. Dig. § 169.*]

3. MASTER AND SERVANT (§ 300*)—USE OF AUTOMOBILE BY SERVANT—LIABILITY.

Where an automobile, which was in such a bad state of repair that it could run only at full speed, was intrusted by the owner's agent to a third person, the owner was liable for injuries caused by it while being driven by such third person, if the agent was negligent in permitting it to be driven on the highway in such condition, since it is the duty of the owner of an inherently dangerous instrumentality to exercise ordinary care to prevent it from inflicting injury, and, where it is committed to a servant, to exercise reasonable care, through the servant, to prevent it from inflicting injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1209; Dec. Dig. § 300.*]

4. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS.

An assignment that the court erred in its general charge for the reason that undue prominence was given to appellee's theory of the case, and a proposition thereunder that a charge, imparting undue prominence to any one theory of the case, was ·improper, were too general for consideration, since they should have specifically pointed out the particular in which undue prominence was given and the portion of the charge subject to such objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from El Paso County Court; A. S. Eylar, Judge.

Action by Guadalupe Veloz against the Texas Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Peyton F. Edwards and O. L. Bowen, both of El Paso, for appellant. John T. Hill, of El Paso, for appellee.

HIGGINS, J. Appellee, while driving upon the public road, had a collision with an automobile owned by appellant and driven by one Francisco Marcias. The automobile was in a bad state of repair, and Wells Littlefield, agent of appellant, had delivered the automobile to Marcias, who was driving the same to the city of El Paso, where it was to be repaired.

The issue is raised as to whether or not Marcias was the employé of appellant in so driving the car, or the employé and agent of one Stafford, with whom Littlefield, acting for appellant, had contracted for the repair of the machine. In the first count in the petition it is alleged that in driving the car Marcias was acting as the employé of appellant; and in the second count it is averred that, if he was not the employé of appellant, then that appellant, acting through its agent, Littlefield, had delivered the automobile to Marcias or Stafford with full knowledge of the fact that the same was in bad repair, in that the tires had been punctured, and because the same was unmanageable due to a defect in the carbureter and steering gear. That appellant knew of the danger to the traveling public incident to the operation of said machine in its defective condition upon the public road, and that it was negligence upon the part of appellant to permit Marcias to drive said machine upon the road.

The first assignment of error complains of the action of the trial court in overruling a general demurrer to the second count, and in support of the assignment two propositions are urged: First, that an automobile out of repair is not, per se, a dangerous instrumentality, and second, the owner is not liable in damages for injuries to third persons, when the agency causing the damage is not, per se, dangerous, and is being operated by one not the servant of the owner. As abstract propositions of law we may assume both these contentions to be correct. The mere fact that an automobile is in a bad state of repair certainly does not render it a dangerous instrumentality, but this was not the case made by the petition. The petition, in addition to stating that the car was in a bad state of repair, averred that this condition rendered it unmanageable and uncontrollable, and caused the same to run at a rapid and excessive rate of speed, and it occurs to us that a car in such a condition that its speed cannot be regulated and its course controlled is one of the most dangerous instrumentalities that could be placed upon the public highway. This being the case made by the second count in the petition, we overrule the first assignment.

The remaining assignments cannot be considered. They do not comply with that provision of rule 25 which requires that they refer to that portion of the motion for new trial in which the error is complained of. Railway Co. v. Ledbetter, 153 S. W. 646; Nunn v. Veale, 149 S. W. 758; Murphy v. Earl, 150 S. W. 486; Tiefel v. Maxwell, 154 S. W. 319; Railway Co. v. Gray, 154 S. W. 229; Imperial Irrigation Co. v. McKenzie, 157 S. W. 751; and Konz v. Henson, 156 S. W. 593; the last two cited cases recently decided by this court and not yet reported.

Affirmed.

McKENZIE, J., did not sit in this case.

### On Rehearing.

[1] The Supreme Court granted a writ of error in the case of El Paso Electric Railway Co. v. Lee, 157 S. W. 748, thus indicating its disapproval of the holding of this court that amended rule 25 (142 S. W. xii) requires that assignments of error shall refer to that portion of the motion for a new trial, where the error was complained of. It therefore becomes our duty to pass upon the assignments which were not considered and passed upon in the original opinion.

On the date of the accident, Wells Littlefield, agent of the appellant, had driven in an automobile belonging to appellant, and upon its business, to Ysleta, about 12 miles distant from El Paso, Tex., and upon the return trip, when a short distance from Ysleta, he had a blow-out in the tire on one of the rear wheels of the car. Littlefield, being unable to repair same, phoned J. R. Stafford, a repairman, to come and repair the blow-out. Stafford came, bringing with him his employé, Francisco Marcias. Stafford and Marcias repaired the blow-out, and Littlefield again started for El Paso in the car. After going a short distance, another blow-out occurred which Stafford was unable to repair, and it became necessary to take the automobile to Stafford's shop in El Paso. Littlefield thereupon got into Stafford's machine and came with Stafford to El Paso, and Marcias drove the car to El Paso, and, while operating and so driving the same on the public road, collided with appellee between Ysleta and El Paso, inflicting the injuries complained of in the petition. Marcias was an employé of Stafford, but, in assuming charge of the injured automobile and driving same to El Paso, he did so with the knowledge and consent of Littlefield. The automobile, in addition to the defective tire, was otherwise in bad condition, the carbureter being out of order, and the rod regulating the flow of gasoline broken. As a result of this broken rod, there was a full flow and feed of gasoline, and as a result thereof, it was impossible to regulate the speed of the machine, the same running at full speed all the time. The road was narrow at the point where the collision occurred. The car was running very rapidly, and Marcias stated that everything happened so suddenly that he did not have time to direct the machine to the right or left, so as to avoid the collision.

Error is assigned to a paragraph of the court's charge as follows: "But, on the other hand, if an automobile breaks down on the road under the conditions as above stated, and an agent of the firm or company turns it over to the care and custody of some third party to be repaired and brought in, and, while it is being brought in for this purpose, an accident occurs, no liability would attach to the owner of the automobile for such accident, unless the defects in the machine were of such a character as to make it ungovernable and dangerous to be run on the public road, and the party turning it over for repairs and to be brought in knew that these defects made the machine dangerous to be run, or should have known of them by the use of ordinary care. In determining whether this would be negligence, the test would be: Would a person of ordinary prudence, under similar circumstances, have turned such a machine over to be brought in on its own power? If so, it would not be negligence, but if a person of ordinary prudence under similar circumstances, would not have done this, it would be negligence."

[2] In support of this assignment it is urged that an automobile out of repair is not, per se, a dangerous instrumentality, and the master is not liable for damages for injuries to third parties, when the agency causing the accident is not dangerous per se, and is being operated by one not the servant of the master. As was stated in the original opinion, we may assume the correctness of this

position as an abstract proposition of law, for it is, of course, evident that the fact that an automobile is in a bad state of repair does not necessarily render it a dangerous instrumentality, but, under the evidence detailed above, the car here in question was in such state of bad repair as to render it an inherently dangerous agency. It was in such condition that it ran at full speed, which it was impossible to lessen or regulate, and for a car in this condition to be driven upon a public highway is one of the most dangerous instrumentalities to parties using the highway that can well be imagined. The propositions urged therefore present no error and the assignment is overruled.

[3] The third and fourth assignments complain of the refusal of special charges requested, directing the jury to find for the defendant, if Marcias was operating the car not under the orders of appellant's agent, Littlefield, but as the employé of Stafford; and the fifth assignment is that the verdict of the jury is unsupported by the evidence, for the reason that Marcias, in operating the car, was acting as an employé of Stafford. It is the duty of the owner of an inherently dangerous agency or instrumentality to exercise ordinary care to prevent the same from inflicting injury and damage to others, and where a dangerous agency is committed to a servant, it is the owner's duty, in such cases also, to exercise reasonable care, through its servant, to guard such dangerous instrumentality committed to their care from inflicting injuries upon others. 1 Thompson on Negligence (2d Ed.) § 533.

The automobile in question in the condition stated, was an inherently dangerous agency to drive upon a public road. It was in the care and custody of Littlefield, the agent of appellant, who was using the same on business of appellant. Such being the case, appellant will be liable if Littlefield was guilty of negligence in permitting the car, in its dangerous condition, to be driven to El Paso, and it is immaterial, under such circumstances, whether Marcias was an employé of Stafford or not. Since the special charges mentioned ignored this phase of the case, they were properly refused, and the judgment is supported by the evidence.

[4] The sixth assignment is without merit. From an examination of the evidence, it is clearly apparent that the car was driven to El Paso by its own power.

The seventh assignment reads: "The court erred in its general charge, for the reason that undue prominence is given to appellee's theory of the case." The supporting proposition reads: "A charge of the court which imparts undue prominence to any one theory of the case is improper." This assignment and its supporting proposition are too general to be considered. The particular in which undue prominence is given and the

portion of the charge subject to such objection must be specifically pointed out. See cases cited in 2 Michie Enc. Dig. 236.

The motion for rehearing is overruled.