TAYLOR v. BUTLER. (No. 7928.)

(Court of Civil Appeals of Texas. Ft. Worth. April 25, 1914. On Motion for Rehearing June 7, 1914.)

1. APPEAL AND ERROR (§ 274*)—EXCEPTIONS—SUFFICIENCY.

In an action by one claiming property attached as the property of his brother, an exception to the remark of the court in the jury's presence that he could not conceive how plaintiff's mother could live in the house with him and her other sons and not know what their agreement was, except by what they told her, was not sufficient to require a review of the exclusion of her testimony that they stated in her presence and in the presence of each other that they had agreed that plaintiff should have all the cotton in controversy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1591, 1592, 1605, 1606, 1607, 1624, 1631–1645; Dec. Dig. § 274.*]

2. EVIDENCE (§ 271*)—DECLARATIONS—SELF-SERVING DECLARATIONS.

In a proceeding to enforce a claim to property, attached as the property of claimant's brother, W., evidence of an agreement between the claimant, W., and another that the cotton in controversy should belong to the claimant when grown, made when defendant was not present, was inadmissible, since, as to defendant, it was only the unsworn declarations of interested parties in their own favor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

3. EVIDENCE (§ 472*)—OPINION EVIDENCE—FACT OR CONCLUSION.

In such action, where claimant and other witnesses stated all of the circumstances relating to the rental of the ground, the cultivation and gathering of the cotton, his statement that he was the owner of the cotton in controversy was properly excluded, since that was a conclusion to be drawn by the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186–2195, 2248; Dec. Dig. § 472.*]

4. APPEAL AND ERROR (§ 1046*)—CONDUCT OF TRIAL—REMARKS OF COURT—HARMLESS ERROR.

Remarks of the court as to which the jury were instructed that they were intended for counsel only and that they should disregard them were harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. § 1046.*]

5. APPEAL AND ERROR (§ 722*)—ASSIGNMENTS OF ERROR—FORM AND SUFFICIENCY.

Under Courts of Civil Appeals rule 29 (142 S. W. xii), providing that assignments shall be numbered from the first to the last in their consecutive order, an assignment not presented in its "consecutive order" may be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

6. APPEAL AND ERROR (§ 501*) — RECORD — CONTENTS—EXCEPTIONS.

Where the record fails to show that the refusal of a requested charge was excepted to, as required by Rev. St. 1911, art. 2061, as amended by Acts 33d Leg. c. 59, the ruling cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

7. ATTACHMENT (§ 308*) — CLAIM BY THIRD PERSON—SUFFICIENCY OF EVIDENCE.

Evidence in a proceeding to enforce a claim to property attached as the property of another held sufficient to sustain a verdict for defendant.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 1102–1109, 1111–1113; Dec. Dig. § 308.*]

On Motion for Rehearing.

8. APPEAL AND ERROR (§ 301*)—ASSIGNMENTS OF ERROR—FORM AND SUFFICIENCY.

Under Courts of Civil Appeals rules 24, 25 (142 S. W. xii), providing that a ground of error not set forth in a motion for new trial is waived unless fundamental, and that assignments of error must point out the part of the motion for new trial where the error is complained of, error not called to the court's attention in the motion for a new trial will be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. § 301.*]

9. APPEAL AND ERROR (§ 1170*)—IMMATERIAL ERROR—RULE OF COURT—REVERSAL.

In a proceeding to enforce a claim to property, attached as the property of claimant's brother, error, if any, in defendant's requested charge that, if claimant and his brother had agreed that the cotton crop raised by his brother should belong to claimant in order to defeat his creditors, claimant could not recover, in connection with a charge for claimant that, if it had been agreed that the cotton was his when the attachment was levied, he could recover, was not ground for reversal under rule 62a for Courts of Civil Appeals (149 S. W. x), forbidding reversal for any error at the trial not calculated to cause, or probably causing, an improper judgment, where the verdict for defendant must have been based either on the theory that there was no agreement or that it was fraudulent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from Eastland County Court; E. A. Hill, Judge.

Claim by L. D. Taylor to attached property against Z. Z. Butler. Judgment for defendant, and claimant appeals. Affirmed.

J. R. Stubblefield, of Eastland, for appellant. Earl Conner, of Eastland, for appellee.

CONNER, C. J. L. D. Taylor appeals from an adverse judgment in a contest instituted by him by filing a claimant's affidavit and bond for several bales of cotton that the appellee, Z. Z. Butler, had attached as the property of Will Taylor. The Taylor family included Mrs. Ellie Taylor, the mother, and her sons, Will Taylor, Jesse Taylor, and L. D. Taylor, the appellant herein.

[1] He first complains that the court erred in excluding the evidence of Mrs. Ellie Taylor to the effect that the claimant, Will Taylor,

and Jesse Taylor, came into the house on one occasion and stated in her presence, and in the presence of each other, that they had agreed among themselves that L. D. Taylor should have all of the crop to be grown on the W. G. Nabors place, upon which the cotton in controversy was grown. In order to require a review of the question so presented it was, of course, necessary that appellant take a, proper bill of exception to the action of the court. Bill of exception No. 1, to which the assignment refers as its basis, does not support the assignment. The bill states that the exception was to the remark of the court in the jury's presence to the effect that he could not conceive how the witness Mrs. Ellie Taylor could live in the house with her boys all the year and not know what the agreement was except by what the boys told her.

[2] Moreover, the evidence offered is in the nature of a mere recitation by the Taylor boys, including one of the parties to the suit, of the terms of an agreement theretofore made. It does not appear that appellee was present, and as to him the evidence constituted but the unsworn declarations of interested parties in their own favor. It may also perhaps be appropriately stated as excluding any possibility of prejudicial error in the court's ruling that each of the Taylor boys, Will, L. D., and Jesse, testified to the effect that early in the rental year it was agreed that L. D. Taylor should have the cotton to be grown on the Nabors place, and Mrs. Ellie Taylor, the mother, herself testified, among other things, that "Lonnie (L. D.) was to have the cotton which was grown on the Nabors place." We are of the opinion that the first assignment must be overruled.

[3] We think the court was clearly right in excluding the statement of the witness L. D. Taylor, to the effect "that he was the owner of the three bales of cotton which was levied upon to pay the debt" of Will Taylor. The witness, as also other witnesses, was permitted to state all of the circumstances relating to the rental of the Nabors place, the cultivation and gathering of the crop, etc., from all of which it was the function of the jury to determine whether Will or L. D. Taylor was the owner. The offered statement is evidently a mere conclusion, and a conclusion, too, which in this case was particularly for the jury. The court, therefore, properly excluded it.

[4] The remarks of the court complained of in the third assignment appear to have been harmless, as explained by bill of exception; the jury being instructed that the remarks were intended for counsel only, and that the remarks should be disregarded by them.

[5] Appellant's eighth assignment is objected to, and, we think, must be disregarded. In the assignment it is urged that the court erred in refusing a special charge. The assignment is not presented in its "consecutive order," as required by rule 29 (142 S. W. xii),

and may therefore be disregarded on this ground. See Barron & Clark v. White, 155 S. W. 590. Besides, there is nothing in the record to show that the action of the court was properly excepted to. Formerly the ruling of the court in giving, refusing, or qualifying instructions to the jury was regarded as excepted to in all cases. See Revised Statutes, art. 2061. But this article was amended by the act approved March 29, 1913 (see General Laws 1913, p. 113), where it is provided that the court's charge shall be in writing and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine it and present exceptions thereto, "which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived." Rev. St. art. 1971, as amended. Article 1973, Revised Statutes, is also amended so as to read:

"Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give, provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

See Gen. L. 1913, p. 114.

The same law amends article 2061 of chapter 19 of the Revised Statutes, making it the duty of a party dissatisfied with a ruling of the court to except thereto at the time it is made, and prescribing the requisites of bills of exceptions, so as to read:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

See Gen. L. 1913, p. 114.

[6] It follows that, in order for a party litigant to now invoke our revisory power over a ruling of the court in giving charges, it is necessary to show not only that the objections to the charge had been presented before the charge was read to the jury, but also that formal exception was taken at the time to the action of the court in giving the charge complained of. Where the complaint is, as here, of the action of the court in refusing a special instruction, exception to the refusal must be made at the time and the exception made part of the record by a proper bill of exception. Otherwise the ruling must be approved. The assignment under consideration refers us to bill of exception No. 4. No such bill appears in the record, nor do we otherwise find that exception to the action of the court in refusing the special charge in question was made, as provided by the amended act quoted. The ruling must therefore, in accordance with the act, be considered as approved.

[7] The remaining question presented is

whether the evidence is sufficient to sustain the verdict of the jury. While the evidence is conflicting, we think, as a whole, it supports the verdict and judgment. We will not quote the testimony in detail, but the landlord testified that he rented the premises upon which the cotton in controversy was grown to Will Taylor, and not to L. D. Taylor, or to the mother, as she testified. There was evidence also tending to show that when the witness Jones was trying to collect a debt from the appellant, L. D. Taylor, he asserted the ownership of the cotton to be in Will Taylor; that on other occasions when the circumstances seemed to require an assertion of ownership, if it existed, appellant was silent, etc.

We conclude that all assignments of error must be overruled, and the judgment affirmed.

### On Motion for Rehearing.

Our attention, has been called to the fact that the trial in this case took place on June 27, 1913, and hence that we were in error on original hearing in applying the amending law effective July 1, 1913, in disposing of appellant's eighth assignment of error. The fault or misapplication was that of the writer, and I cannot now understand how the mistake arose, for the question was in mind, unless in the hurry of the consideration I was misled by an indorsement of the clerk on a copy of the judgment found in the record, this indorsement being, "Filed July 4, 1913."

[8] But, however it may have happened, the mistake is not thought to be material, for, in addition to the fact that appellant's eighth assignment is not presented in its consecutive order, as pointed out in our opinion, it is not shown, either in the assignment, in the propositions, or in the statements thereunder, that the error complained of was called to the court's attention in the motion for a new trial, as required by rules 24 and 25 (142 S. W. xii). Such failure has frequently been held to require a disregard of an assignment. See Tex. Mid. R. R. Co. v. Cunnins, 156 S. W. 542; St. L. S. W. Ry. Co. v. Ledbetter, 153 S. W. 646; Chicago, R. I. & G. Ry. Co. v. Pemberton (Sup.) 161 S. W. 2; J. F. Siensheimer & Co. v. Maryland Motor Car Ins. Co., 157 S. W. 228; Whitten v. Whitten, 157 S. W. 277; El Paso Electric Ry. Co. v. Lee, 157 S. W. 748; Imperial Irr. Co. v. McKenzie, 157 S. W. 751; Cain v. Delaney, 157 S. W. 751; Southern Pac. Co. v. Walters, 157 S. W. 753.

Counsel for appellant insists that such rulings on our part are unduly "technical." He says, among other things:

"Much has been said of the evils of reversing cases on account of technicalities. Little has been said of the appellate courts refusing to consider the merits of a question on account of technicalities. If there is wisdom in providing that only material errors which affect the ends of justice shall cause a reversal of the judgment, what rules should be applied to immaterial errors which appear in a brief?"

The insistence being, of course, that the assignment should not be disregarded because of the violation of the rules mentioned. We can only say that, for reasons stated in the cases above cited, the rules governing the presentation of cases in this court have been promulgated under legislative authority, and have the force with us of law, which we conceive it to be our duty to enforce.

It may not be amiss, however, to further state that in many, if not in most, instances when this court has announced the violation of a rule as reason for disregarding an assignment of error, there had nevertheless, in fact, been a brief consideration of the point made in the assignment, if it could be ascertained, to the end that we might feel assured that no positive injustice had been done; the announcement of the violated rule being, in part at least, in order to impress upon counsel presenting cases on appeal the necessity of an adherence to the rules. It is so in the present case.

[9] The error complained of in the eighth assignment is to the action of the court in giving a special charge requested by appellee, which, so far as material, is to the effect that, if appellant, L. D. Taylor, and his brothers, Will and Jesse, after leasing the W. J. Nabors place, had agreed among themselves that the crop raised on the Nabors place should be the property of L. D. Taylor for the purpose of defrauding the creditors of Will Taylor, the verdict should be for appellee. At appellant's request the court also gave a special instruction to the effect that, if the jury should find "that under and by virtue of a certain agreement, if any agreement did exist, all of the cotton which was to be grown upon the farm of W. J. Nabors was to be the property of L. D. Taylor, and that the three bales of cotton which is in controversy was the property of L. D. Taylor at the time the writ of garnishment was levied," then the jury should find in favor of L. D. Taylor. The agreement referred to in the special instructions noticed was the same, and the verdict against L. D. Taylor under the last special instruction would indicate that the jury failed to find that there was an agreement of any kind, or, construing the verdict in the light of the court's charge and of the two special charges, they must certainly have found either that there was no agreement, or else, if one was made, that it was fraudulent. The appellant and his brothers testified that such an agreement was made in January, 1912, before the debt in controversy had been created, and there was evidence that L. D. Taylor, prior to this time, had also mortgaged cotton grown, or to be grown, on the Nabors place, thus indicating that he had interest therein. If the agreement, in fact, was made in January before the creation of the debt in controversy, it could not well be said, as appellant now in-

sists, that it was fraudulent. But the jury were not bound to believe that the agreement was then made. And in the light of all of the evidence the jury probably understood the charge as meaning simply that if the claim of the agreement was a simulated one, and made for the fraudulent purpose of avoiding the payment of Will Taylor's debts, that the verdict should be against the claimant. The fact that L. D. Taylor had mortgaged cotton to be grown on the Nabors place was but a circumstance tending to support the claim of the Taylor boys as to the agreement, but it was not necessarily conclusive. At all events, in the light of the evidence and of the court's entire charge and of the fact that two juries have given their verdict against appellant, we do not feel that it is our duty, under the operation of rule 62a (149 S. W. x), to reverse the judgment for the error of the court, if there is one, in giving the special instruction complained of in the eighth assignment,

The motion for rehearing is accordingly overruled.

SPEER, J., not sitting.