### C. F. COLLINS v. J. C. MILLER.

(Case No. 5285.)

1. IMPEACHMENT OF RECORD.— Third parties cannot impeach the record of a court of general jurisdiction by evidence *aliunde*, when such record is regular upon its face; but if the face of the record shows that the court had no jurisdiction over the person of defendant, it can always be collaterally attacked.
2. PURCHASER.— The purchaser of property at an execution sale under a judgment which is void upon its face for want of jurisdiction acquires no title as against the original owner, since he is chargeable with notice of the defect.
3. VOID JUDGMENT.— A purchaser at a sale under execution, issued on a judgment in a cause where service was attempted on the defendant in execution by publication, acquires no title, if the record affirmatively shows that publication was not made for the period required by law; and this may be shown in a collateral proceeding.

APPEAL from Wichita. Tried below before the Hon. B. F. Williams.

The opinion states the facts.

*R. E. Huff* and *Wm. W. Flood*, for appellant, on insufficiency of service, cited: R. S., art. 1235; Steagall *v.* Huff, 54 Tex., 196; Goodlove *v.* Gray, 7 Tex., 484; Blossman *v.* Letchford, 17 Tex., 649; Allen *v.* Wyser, 29 Tex., 151; Edrington *v.* Allsbrooks, 21 Tex., 189; Wilson *v.* Palmer, 18 Tex., 596; Freeman on Judgments, sec. 127.

On jurisdiction of the court, they cited: Hughes *v.* Driver, 50 Tex., 175; Freeman on Judgments, secs. 132–4; R. S., art. 1235; Treadway *v.* Eastburn, 57 Tex., 209; Steagall *v.* Huff, 54 Tex., 193; Murchison *v.* White, 54 Tex., 78; Tennell *v.* Breedlove, 54 Tex., 540; Fitch *v.* Boyer, 51 Tex., 337.

On title under a void judgment, they cited: Holliman *v.* Smith,

39 Tex., 357; Moreland *v.* Barnhart, 44 Tex., 275; Barnes *v.* White, 53 Tex., 628; Edrington *v.* Allsbrooks, 21 Tex., 180; Steagall *v.* Huff, 54 Tex., 193.

*L. E. Miller,* for appellee, on the proposition that the judgment was voidable and not void, cited: Fitch *v.* Boyer, 51 Tex., 336; Williams *v.* Ball, 52 Tex., 603; Murchison *v.* White, 54 Tex., 78; Treadway *v.* Eastburn, 57 Tex., 209; Jones *v.* Lasatar, 3 Tex. Law Rev., No. 25; Gillenwaters and wife *v.* B. F. Scott, Texas Law Reporter, January, 1885; Nichols *v.* Wimmer, Texas Law Reporter, December, 1884.

On the appellee being a purchaser without notice, they cited: Franklin *v.* Coffee, 18 Tex., 413; Anderson *v.* McKay, 30 Tex., 186; Moreland *v.* Barnhart, 44 Tex., 275; Grace *v.* Wade, 45 Tex., 522; Wallace *v.* Campbell, 54 Tex., 90; Brooks *v.* Chatham, 57 Tex., 31; Gage *v.* Neblett, 57 Tex., 374.

WATTS, J. COM. APP.— In this case appellee claimed title to the lot in controversy through a judgment rendered by a justice of the peace of Smith county, July 8, 1882, in favor of J. J. Arthur and against appellant, for the sum of $125 and interest. Execution by virtue of that judgment, and levy, sale and sheriff's deed to J. J. Arthur, June 5, 1883; and conveyance from Arthur to appellee of date June 18, 1883.

It is recited in the judgment that "This cause coming on to be heard, and the defendant C. F. Collins failing to appear, it is ordered by the court," etc.

From the transcript of the proceedings in the justice court, it appears that J. J. Arthur, the plaintiff in that suit, made affidavit that C. F. Collins' "residence was unknown to him, so that the ordinary process of law cannot be served," etc. The justice of the peace thereupon issued a citation for publication, dated May 13, 1882, wherein the officer is commanded to publish the same for three successive weeks in the Tyler Democrat and Reporter, a paper published in Smith county, and the writ was made returnable on the 10th day of June, 1882. From the return of the constable it appears that the writ was published as directed on May 20, May 27 and June 4, 1882. There is no other citation or service shown by the record, and the justice of the peace certifies that the transcript truly and correctly shows all the orders made and all the papers filed in the cause.

Upon the case made, appellant asserted in the court below, as a

defense to the action, that the judgment of the justice of the peace was void for the want of jurisdiction over his person, and the invalidity was apparent of record.   But the court found that appellee was an innocent purchaser for value, and adjudged the land to him.

With respect to the judgments of courts of general jurisdiction, the settled rule is this: If the want of jurisdiction of the subject-matter or person of the defendant is shown by the record, then the judgment is subject to collateral attack.   But the question of jurisdiction as to the subject-matter, as well as to the person, must be tried and determined by the record.   If there is nothing in the record showing that the court did not have jurisdiction, then as to third parties the presumption of regularity is so conclusive that evidence *aliunde* will not be heard to establish the want of jurisdiction.   Murchison v. White, 54 Tex., 78; Fitch v. Boyer, 51 Tex., 344; Tennell v. Breedlove, 54 Tex., 543.

By the terms of the statute then in force, the citation was required to be published once in each week for four consecutive weeks, previous to the return day.   R. S., arts. 1572 and 1235.

Now it affirmatively appears in this case from the record that there was no compliance in this particular with the statute.   The justice of the peace commanded the writ to be published for three successive weeks, and the return shows that it was inserted in three issues of the paper only.   Hence, even if the conclusive presumptions accorded to the judgments of courts of general jurisdiction should be accorded to the judgments of justices of the peace, still the judgment under consideration would be subject to collateral attack, for it is made to appear from the record that the court did not have jurisdiction of the person of Collins, the defendant therein.

As the want of jurisdiction was apparent from the record, the appellee would be chargeable with notice of the same.   The judgment of the justice of the peace was void, and appellee, under the circumstances, acquired no title to the lot as against appellant, by his purchase and conveyance from Arthur.

It should be remarked, we do not hold, or even intimate, that the judgments of justices of the peace are entitled to the support of the same conclusive presumptions of regularity as are accorded to those of courts of general jurisdiction.

But we hold that certainly they are entitled to no more conclusive presumptions of regularity; and even considering the judgment as one rendered by a court of general jurisdiction, yet as the record shows the want of jurisdiction of the person, it would be subject to collateral attack.

Our conclusion is, the court below erred in rendering judgment against appellant and in favor of appellee for the lot, upon the findings and evidence. And the judgment ought to be reversed and the supreme court ought here to render such judgment as should have been rendered by the court below, viz.: That appellee, the plaintiff below, take nothing by his suit, and that appellant and the other defendants below go hence without day and recover costs of appellee.

REVERSED AND RENDERED.

[Opinion adopted May 5, 1885.]