MARY J. MAXWELL v. A. R. CAPEHART and Others.[1]

Nov. 11, 1895.

Nos. 9461—(29).

Guaranty of Mortgage Note—Construction.

One S. executed to M. a promissory note, and also a chattel mortgage to secure its payment. At the same time, and as part of the same transaction, before the delivery of the note, and for the purpose of giving it credit, C. indorsed on the note the following guaranty: "For value received I hereby guaranty the payment of the within note upon assignment to me of the mortgage accompanying the same." *Held*, that this did not mean that the assignment of the mortgage to C. was to be a condition precedent to the guaranty becoming operative as a contract, but merely that upon payment of the note C. should be entitled to an assignment of the mortgage.

[1] Reported in 64 N. W. 927.

**Same—Foreclosure of Mortgage—Effect on Guarantor.**

> After the maturity of the note, M. tendered C. an assignment of the mortgage, and demanded payment of the note, which C. refused. Thereupon M. foreclosed the mortgage, and applied the proceeds towards payment of the note. *Held*, that by so doing M. did not release C. from his liability as guarantor for the deficiency.

Action in the district court for Ramsey county. The case was tried before Otis, J., who ordered judgment in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*J. C. Michael*, for appellants.

*Schoonmaker, Fleming & Hintermister*, for respondent.

MITCHELL, J.   Action on a supersedeas bond executed by defendant Capehart as principal and his codefendants as sureties upon an appeal to this court from a judgment in favor of plaintiff and against defendant Capehart and one Schwartz, and which was affirmed in Maxwell v. Schwartz, 55 Minn. 414, 57 N. W. 141.

The facts are that Schwartz executed to plaintiff a promissory note, and also, as security for its payment, a mortgage on chattel property. At the same time, and as part of the same transaction, and before the delivery of the note, and for the purpose of giving it credit, Capehart indorsed thereon: "For value received I hereby guaranty the payment of the within note upon assignment to me of the mortgage accompanying the same" (meaning the Schwartz mortgage). This is the note and guaranty upon which the judgment referred to was recovered.   After the maturity of the note, and before action thereon, the plaintiff tendered Capehart an assignment of the mortgage, and demanded payment of the note, and from that time until the foreclosure of the mortgage, as hereinafter stated, the plaintiff continued ready and willing to give him such assignment on condition that he pay the note; but Capehart refused, and continued to refuse, to accept the assignment or pay the note.   After plaintiff obtained judgment on the note, she in good faith, and for the purpose of preserving the security, took possession of the mortgaged property, and sold it, pursuant to a power of sale in the mortgage, and the proceeds, less the reasonable costs and expenses of sale, have been credited on the judgment.

The contention of Capehart is that his guaranty was not absolute, but only conditional upon plaintiff's assigning the mortgage to him, and that by foreclosing the mortgage she has disabled herself from performing this condition. We think that this contention is without merit. In view of the circumstances under which it was executed, it is manifest that the language of the guaranty does not mean that the assignment of the mortgage was to be a condition precedent to its becoming operative as a contract, but merely that upon payment of the note Capehart should be entitled to an assignment of the mortgage. The guaranty was a present unconditional contract, although it may have provided that its performance by Capehart, and the assignment of the mortgage to him by plaintiff, should be concurrent. The mortgage and the guaranty were cumulative, and not alternative, securities to plaintiff for the payment of the note, and she was not put to any election as to which she would resort. In the absence of any formal assignment, the mortgage would, in equity, have belonged to Capehart upon his paying the note. The object of the so-called "condition" was merely to secure to him a formal assignment of the legal title to the mortgage, which would have been equitably his without it. If he had paid the note before the mortgage had been foreclosed, he would have been entitled to such an assignment. But if it had been assigned to him, all the use he could have made of it would have been to reimburse himself for what he had paid for his principal. The same result has been reached by plaintiff's enforcing the mortgage, and applying the proceeds on the debt. This she had a right to do, at least after Capehart's refusal, and by so doing she did not release Capehart from his liability on his guaranty for the deficiency. Neither is there any merit in the claim that Capehart should be credited with the value of the mortgaged property instead of what it realized upon what we must assume was a fair and honest sale.

Order affirmed.