### ROBERT ARTHUR, GUARDIAN, v. A. T. REED.

#### Decided June 29, 1901.

**1.—Guardian and Ward—Appointment—Final Order—Appeal to District Court.**

The denial by the probate court of an application to set aside the appointment of a guardian for a minor and to appoint the applicant as guardian, is a final order from which an appeal may be taken to the district court.

**2.—Same—Sureties Need Not Appeal.**

It was not necessary that the sureties on the cost bond of the applicant in such proceeding should give notice of appeal, or be made parties thereto.

**3.—Same—Appeal Without Bond.**

Under the terms of Article 2789, Revised Statutes, the applicant in such a proceeding in guardianship had the right to appeal without giving bond, although the subject matter was of personal interest to himself.

**4.—Probate Court—Power to Set Aside Order of Former Term.**

The probate court may, like other courts of general jurisdiction, revise and set aside its orders and judgments made at a former term upon a direct proceeding for that purpose and sufficient grounds shown therefor.

**5.—Same—Motion to Set Aside—Grounds For.**

A motion to set aside an order of a former term appointing a guardian is a direct proceeding, and an averment therein that the order of appointment was made without due notice given of the application for appointment presents a sufficient ground.

**6.—Presumption on Appeal—Trial De Novo in District Court.**

Where, on appeal to the district court from an order of the probate court denying a petition for appointment as guardian, the conclusions of fact found by the district court recite that, the cause having been submitted on a transcript of the proceedings in the probate court without additional testimony, the court adopts so much of the transcript as shows and states the orders, proceedings, and judgments as the findings of the district court, in the absence of any bill of exceptions it will be presumed that such proceedings were had by agreement of the parties, and that the trial in the district court was had de novo as contemplated by the statute.

**7.—Same—Statement of Facts Necessary.**

Where, on appeal from the district court in such guardianship proceedings, there was no statement of facts, but certain pleadings and proceedings purporting to have been filed and had in the probate court, were copied into the record, but not agreed to by counsel, nor certified by the judge, nor approved by him as the facts produced at the trial, such matters will not be considered, and it will be presumed that there was sufficient evidence submitted to the court to support the judgment.

Appeal from Lamar. Tried below before Hon. E. S. Chambers.

*Dudley & Dudley,* for appellant.

*W. F. Moore* and *Hale & Hale,* for appellee.

### OPINION ON REHEARING.

RAINEY, CHIEF JUSTICE.—On the 9th day of November, 1899, the appellee, A. T. Reed, filed in the probate court of Lamar County, Texas, a petition seeking to set aside an order made September 4, 1899, appointing Robert Arthur guardian of the person of Ballard Reed, a minor under the age of 14 years, and also made application that he be appointed guardian of the person of said minor. He alleged that he was the uncle of said minor, and was not disqualified from receiving letters of guardianship. The petition sets out the order made, which recited that due notice had been given of Robert Arthur's application to be appointed guardian, and proceeded to appoint him guardian of the person and estate of Ballard Reed, a minor. The petition further alleges that no notice of said Arthur's application to be appointed guardian *of the person* of said minor was given, and that said order appointing him guardian *of the person* was void.

It further alleged that said Arthur was not a suitable person to be appointed guardian of the person of said minor, and was disqualified in law from being such because he was a party to a suit or contest to the probating of a will in which he was adversely interested to said minor, etc. Said Arthur contested said petition, and upon final hearing of said cause by the probate court a judgment was rendered denying the petition and application of A. T. Reed, and holding the appointment of Robert Arthur valid. A judgment was further rendered against said Reed and F. D. Mallory and M. D. Harrell, sureties on the cost bond for costs. Reed gave notice in open court of an appeal to the District Court.

In the District Court the defendant Robert Arthur moved to dismiss the appeal from the County Court on the ground that no appeal lies from an order of the court setting aside an order made at a former day of the same term; that Mallory and Harrell, two of the parties against whom the joint judgment was rendered, gave no notice of appeal, do not join in the appeal and were not before the court so as to give the court jurisdiction on appeal, and that no appeal bond was given. The motion to dismiss was overruled by the court, and this action of the court is assigned as error.

We are of the opinion that the court did not err in overruling the motion to dismiss. The order appealed from was final; it not only refused the application of Reed to be appointed guardian, but in addition thereto rescinded the order vacating the appointment of Robert Arthur, and decreed that the original order of his appointment stand as entered of record. The effect of this was a finding against A. T. Reed on his motion attacking the original order appointing Robert Arthur guardian

of the person, and against said Reed on his application to be appointed guardian of the person. It adjudged the controversy between the parties, and was such a final order as authorized an appeal.

We are also of the opinion that it was not necessary for F. D. Mallory and M. D. Harrell, sureties on the cost bond of said Reed, to give notice of appeal. The notice of appeal by Reed was sufficient to carry the case to the District Court, and that court had jurisdiction to hear and determine the matters in issue.

Article 2789, Revised Statutes, provides: "Any person who may consider himself aggrieved by any decision, order, or judgment of the court, or by any order of the judge thereof, may appeal to the district court, as a matter of right, without bond." We think that under this provision said Reed had a right to appeal, and such right was not affected by the failure of his sureties to appeal, or be made parties thereto in manner other than was done by the notice given by Reed. We are also of the opinion that under said article of the statute Reed was entitled to an appeal without being required to execute an appeal bond, although it may be conceded that the subject matter was of personal interest to him. The appellant seeks the application of the rule announced in Hicks v. Oliver, 26 Southwestern Reporter, 641, to the effect that executors and administrators will be required to execute bond when the appeal affects them personally. That decision follows article 2257, Revised Statutes, which provides: "When an appeal is taken by an executor or administrator, no bond shall be required unless such appeal personally concern him, in such case he must give a bond." In administration proceedings the statute (article 2255) gives the right to appeal by an aggrieved party, and article 2256 requires in such cases that such party, in order to perfect his appeal, must execute an appeal bond. The statute relating to guardian and ward makes no such provision as to bond, but explicitly declares the party aggrieved may appeal as a matter of right without bond. Such being the wording of the statute as to guardianship proceedings, said Reed was entitled to appeal without bond.

Appellant's second assignment of error is: "The District Court erred in overruling defendant's general demurrer to plaintiff's amended petition, as it sets up no ground for setting aside the appointment of Robert Arthur as guardian." Under this assignment two propositions are stated: 1. The county court, sitting in probate, has no general jurisdiction to revise its orders and judgments entered at a former term; and the district court has only appellate jurisdiction over the county court in matters of guardianship and estates of deceased persons, to be exercised only by appeal or certiorari. 2. Where it is sought by bill of review to set aside a judgment for want of, or an illegal service of, process, the bill must allege such facts as will show that the result would be other or different from that already reached. The motion of said A. T. Reed sought to set aside an order or judgment made and entered at a former term appointing Robert Arthur guardian of the person of Bal-

lard Reed. The principal ground alleged was, that such order was null and void because no citation had been issued by the clerk of said court stating that application had been made in said court by Robert Arthur for the guardianship of· the person of said Ballard Reed, as required and provided by law. The probate court is a court of general jurisdiction as to the matters over which jurisdiction is given it by law. In order for the exercise of its jurisdiction, however, the issuance and service of notice as prescribed by law must exist. It, like other courts, is authorized to revise at a subsequent·term its orders and judgments made at a former term when a direct proceeding is instituted for that purpose and sufficient grounds are shown therefor. Ruenbuhl v. Heffron, 38 S. W. Rep., 1030. The motion of A. T. Reed to set aside the order made at a former term was a direct proceeding, and the ground alleged— want of notice—was sufficient. The demurrer was properly overruled.

The third and fourth assignments are presented together, and are as follows: "(3) The District Court erred in disposing of the case upon the transcript from the County Court, and in not trying the case de novo. (4) The District Court erred in vacating so much of the order and judgment of the County Court of Lamar County as appointed Robert Arthur, the appellant, guardian of the person of Ballard Reed, because said judgment and order are regular, and recite due and legal service and notice, and no evidence whatever was introduced to show that there was not due and legal service and notice as determined by said judgment."

As to the third assignment of error, the trial judge, in his conclusions of fact, recites as follows: "This cause having been submitted to the court upon the transcript of the proceeding in the County Court, without any additional testimony, the court adopts so much of said transcript as shows and states the process, orders, proceedings, and judgments of said County Court in this cause as the findings of fact of this court." From this finding, in the absence of a bill of exceptions, we conclude that such proceeding was had by agreement of parties, and that such trial was had de novo as contemplated by the statute. We also conclude that the fourth assignment of error is not well taken. The record does not contain a statement of facts, and the presumption must be indulged in favor of the court's ruling. There is copied into the record certain pleadings and proceedings thereon, purporting to have been had in the probate court. There is no agreement of counsel, approval of the trial judge, or certificate of said judge, that the same are the facts as produced upon the trial of the cause. Barnard v. Clark, 52 Texas, 552; Walker v. Boyd, 48 S. W. Rep., 602.

There is nothing in the record to indicate that the process, orders, proceedings and judgments referred to by the trial judge are the same as those found in the record. We can not indulge the presumption that they are the same in the absence of a compliance with the requirements of the statute in regard to statement of facts. Under these conditions

we must presume that the evidence submitted to the court was sufficient to support the judgment.

Upon the former consideration of this case we treated it on the supposition that said documents found in the record were contained in a statement of facts. The parties so treated it in their briefs, and our attention was not called to the fact that the record contained no statement of facts. The judgment is affirmed.

The opinion heretofore rendered is withdrawn, and this substituted therefor as the opinion of this court. The motion for rehearing is overruled.

*Motion overruled. Judgment affirmed.*

Writ of error refused.