BARRON & CLARK v. WHITE et al.

(Court of Civil Appeals of Texas. El Paso. March 13, 1913. Rehearing Denied April 3, 1913.)

1. APPEAL AND ERROR ·(§ 742*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Where an assignment of error complaining of the changing of the venue for which there is a bill of exceptions is grouped with another complaining of a refusal of the other court to remand, which has no bill, followed by four propositions and one statement, they will not be considered, under Court of Civil Appeals rules 25 (142 S. W. xii) and 31 (142 S. W. xiii), defining a distinct specification of error, and providing that to each proposition there shall be subjoined a brief statement sufficient to explain and support the proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—SUFFICIENCY.

Although it is permissible to group assignments which relate to the same subject, each should be supported by its own proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. APPEAL AND ERROR. (§ 722*) — ASSIGNMENTS OF ERROR — NUMBERING ASSIGNMENTS.

Under Court of Civil Appeals rule 29 (142 S. W. xii), providing that "assignments shall be numbered from the first to the last in their consecutive order," where the brief begins with No. 4 and ends with No. 8, the assignments cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. § 722.*]

Appeal from Martin County Court; J. Turner Vance, Judge.

Action by T. M. White against Barron & Clark and others. Judgment for plaintiff as against Barron & Clark, and they appeal. Affirmed.

J. M. Caldwell, of Midland, and E. M. Whitaker, of El Paso, for appellants. Chas. Gibbs, of Midland, G. B. Smedley, of Austin, Jno. B. Howard, of Midland, and S. P. Weisiger, of El Paso, for appellees.

HARPER, C. J. T. M. White, appellee, brought this suit in the justice court of precinct No. 1, Midland county, against Barron & Clark and J. H. Barron and Will Clark, individually, and in the alternative against A. C. Parker, to recover two months' rent of a building which he alleged was due under the terms of a lease by plaintiff to Morris J. Lynch, dated August 1, 1909. Plaintiff alleged that Lynch sold said lease contract to Parker; that Parker assumed the payment of the rent; that Parker in turn sold to Barron & Clark; and that this firm in turn assumed the payments for rent. Defendant Parker pleaded general denial, and Barron & Clark specially denied assuming the payments for rent under the lease contract, and alleged that the only contract they had was a verbal one from month to month, at $60

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

per month, which was terminated by vacating the building November 15, 1910. Tried before jury, and judgment for plaintiff for $120 against Barron & Clark and J. H. Barron and Will Clark, individually, jointly and severally, with interest and costs, and that A. C. Parker, J. Hunter Clark, and R. Y. Barron go hence without day and recover their costs. Barron & Clark appealed to the county court of Midland county, and upon motion the venue was changed by the county court to the county court of Martin county. Judgment for same amount in trial court, from which this appeal is perfected.

[1] The appellants' fourth and fifth assignments of error are grouped together and followed by several separate propositions, and only one statement in the brief of plaintiff in error and defendant in error objects to our considering these assignments as in violation of rules 25 (142 S. W. xii) and 31 (142 S. W. xiii) for this court. The fourth and fifth assignments are as follows, to wit: Fourth assignment of error: "The court erred in sustaining the motion of plaintiff T. M. White to change the venue of this cause to Martin county." Fifth assignment of error: "The court erred in overruling the motion to remand said cause from Martin county, Tex., to Midland county, Tex."

[2] It is permissible to group assignments which relate to the same subject, although not commendable; but when they are such as to permit grouping, each should be supported by its own proposition. Rule 31, Court of Civil Appeals; Mutual Life Ins. Co. v. Ford, 130 S. W. 769.

It will be seen that the fourth assignment complains of the action of the county judge of Midland county in changing the venue, for which action the plaintiff in error has a bill of exception, and the fifth assignment complains of the action of the court of Martin county in refusing to remand the case to Midland county, for which he has no bill, and his propositions, four in number, following consecutively in the brief, are designated as "proposition under appellants' fourth and fifth assignments of error," and these propositions are followed by only one statement. This is such a violation of the plain rules of this court that the assignments will not be considered.

[3] The defendants in error object to the consideration of the other assignments of error, because they are in violation of rule 29 for this court, in that said assignments are not numbered consecutively from the first; the plaintiff in error having begun in his brief with No. 4 and ended with No. 8.

Rule 29 for the Court of Civil Appeals (142 S. W. xii), as applicable, is: "The appellant, or plaintiff, in error, in order to prepare properly a case for submission when called, shall have filed a brief of the points which are in accordance with and confined to the distinct specifications of error. * * * The assignments as presented in the brief shall be numbered from the first to the last in their consecutive order."

It is plain to be seen that the assignments are not numbered from the first, but from the fourth, for which reason they cannot be considered. It may seem arbitrary, and it may seem to be hard on the litigant, to enforce these rules of practice; but, without rules of law and a strict enforcement thereof, no one can know what his rights are nor how to secure them, and, these rules being plain, there is no excuse for failing to follow them.

We have carefully examined the record, and no error of a fundamental nature appearing therein, and for the reasons assigned above, the judgment of the lower court is affirmed.