## GRISHAM v. CONNELL LUMBER CO.

(Court of Civil Appeals of Texas. El Paso. March 12, 1914. Rehearing Denied April 2, 1914.)

1. APPEAL AND ERROR (§ 913*)—PRESUMPTIONS AS TO PARTIES.

Where there was no plea in abatement raising the question and no evidence that plaintiff was a company, it would be presumed, as against the objection first made on appeal, that the judgment was void because rendered for a company without naming the parties composing it, that plaintiff was a corporation.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3690–3692; Dec. Dig. § 913.*]

2. APPEAL AND ERROR (§ 758*)—BRIEFS—ASSIGNMENTS OF ERROR—NUMBERING.

Where an assignment of error was not in its order in the brief as required by rule 29 for Courts of Civil Appeals (142 S. W. xii), which provides that the assignments shall be numbered in their consecutive order, the court was not required to consider it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. § 758.*]

3. BILLS AND NOTES (§ 491*)—ACTIONS—BURDEN OF PROOF.

In an action against the maker of a note, if a pencil notation that it was secured by a deed of trust, and that C. had assumed its payment, written thereon by some one, was in any way a defense, it was incumbent on defendant to plead and prove it.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1643–1648; Dec. Dig. § 491.*]

4. BILLS AND NOTES (§ 459*)—ACTIONS—PARTIES.

In an action on a note which bore a pencil notation, reciting that C. had assumed its payment, C. was not a necessary or proper party, in the absence of any showing that he was liable as maker or indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1424–1433; Dec. Dig. § 459.*]

5. JUSTICES OF THE PEACE (§ 164*)—APPEALS—TRIAL—EVIDENCE.

Where a sufficient transcript of the proceedings in a justice's court was on file with the clerk of the county court when the cause was tried there, this was sufficient to give such court appellate jurisdiction without introducing the transcript from the justice court in evidence.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 607–636; Dec. Dig. § 164.*]

Appeal from Martin County Court; A. C. Eidson, Judge.

Action by the Connell Lumber Company against M. A. Grisham. Judgment for plaintiff, and defendant appeals. Affirmed.

R. N. Grisham, of Sweetwater, for appellant. Jno. B. Howard, of Midland, for appellee.

HARPER, C. J. The Connell Lumber Company filed this suit in the justice court of Martin county against M. A. Grisham, on a promissory note for $150 interest and attorney's fees. Grisham impleaded J. C. Chambers, and alleged that said Chambers had assumed the payment of the note. Upon motion of J. C. Chambers filed in justice court, suit dismissed as to him and cause there tried between the lumber company and M. A. Grisham, the original maker of the note. Plaintiff asked judgment for the face of the note, interest, and attorney's fees. Defendant Grisham pleaded general demurrer, special exceptions: (a) That, the note showing upon its face that it was secured by lien on land, therefore the justice court had no jurisdiction; (b) the note shows upon its face that J. C. Chambers assumed the payment—was therefore a necessary party to the suit. Pleaded payment, etc., and other matters of defense not necessary to detail in the present condition of the record.

[1] The appellant suggests as fundamental error and urges under his first assignment that a judgment is void when rendered for a company without naming the parties composing same. The record before the court does not support the proposition. The record reveals the fact that the appellee is a corporation. There is no plea in abatement raising the question, and no evidence that the plaintiff is a company. It will be presumed that plaintiff is a corporation where the question is raised for the first time on appeal. Hunter v. W. J. Lemp Brewing Co., 46 S. W. 371.

[2] The sixth assignment being out of its order in the brief as required by rule 29 (142 S. W. xii), we are not required to notice it; but, since it complains of the peremptory charge of the court to find for plaintiff, and refers this court to the propositions and statements under first assignment, it is disposed of by what has been said next above.

[3] The second assignment of error charges that the trial court erred in overruling defendant's special exceptions, to the effect that the note sued on shows upon its face that it is secured by deed of trust on land, therefore the justice court was without jurisdiction, and that the note shows upon its face that J. C. Chambers has assumed the payment of it. The facts as they appear in the record are: That appellant, M. A. Grisham, was the original maker of the note, i. e., he is the only person whose signature is attached to it. Upon the face of the note, it appears, some person had written with lead pencil, "This note is secured by a deed of trust. J. C. Chambers has assumed payment of same." The record does not reveal by whom this was written, nor whether, in fact,

it is legally any part of the note. If this notation was in any way a defensive matter to the collection of the note as against defendant, it was incumbent upon him to plead and prove it.

[4] The trial court, therefore, did not err in instructing a verdict in favor of the plaintiff as against the appellant, who was the maker of the note; for, there being nothing to show that Chambers was liable on it, either as maker or indorser, he was not a necessary or proper party to the suit.

[5] The other assignments complain that appellee failed to introduce transcript from justice court in evidence as a preliminary step to giving jurisdiction. The transcript filed in this court shows that a sufficient transcript of the proceedings in the justice court was on file with the clerk of the county court when this cause was tried, which was sufficient to give such court appellate jurisdiction.

It is unnecessary to pass upon appellee's cross-assignment.

Affirmed.