ENNIS & DALE v. CATOR et al. (No. 741.)

(Court of Civil Appeals of Texas. Amarillo. March 13, 1915.)

1. APPEAL AND ERROR ☞759 — QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — NONCONFORMITY TO RULES OF COURT. .

An assignment of error, not presented in conformity to Court of Civil Appeals rule 29 (142 S. W. xii), providing that assignments as presented in the brief shall be numbered from the first to the last in their consecutive order, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. ☞759.]

2. BROKERS ☞64 — COMMISSIONS — WHEN EARNED.

A broker, employed by an administrator to procure a purchaser of real estate, who procures a purchaser who refuses to accept the administrator's deed, cannot recover commissions, because the purchaser is not ready and willing to purchase on the terms specified.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 67, 97; Dec. Dig. ☞64.]

3. EXECUTORS AND ADMINISTRATORS ☞384— SALES—JURISDICTION OF PROBATE COURT.

A sale ordered by the probate court is not completed until the purchaser accepts the deed and the consideration is paid or the terms are complied with by the purchaser, and a failure of the purchaser to comply avoids the whole proceeding.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1569; Dec. Dig. ☞384.]

4. EXECUTORS AND ADMINISTRATORS ☞379— SALE OF REAL ESTATE—ORDER CONFIRMING SALE—ORDER TO VACATE.

An order, confirming a sale by an administrator and allowing a broker procuring a purchaser a commission, may, at a subsequent term, be vacated by direct proceeding in the nature of a bill of review, on the purchaser refusing to complete the purchase.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1545–1564, 1567; Dec. Dig. ☞379.]

5. EXECUTORS AND ADMINISTRATORS ☞379— SALE OF REAL ESTATE—ORDER CONFIRMING SALE—ORDER TO VACATE.

An application by an administrator to vacate an order confirming a sale of real estate and allowing a broker a commission for procuring a purchaser because of the refusal of the purchaser to complete the purchase is a direct proceeding in the nature of a bill of review to vacate the order, and is maintainable as against the broker.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1545–1564, 1567; Dec. Dig. ☞379.]

Appeal from District Court, Hemphill County; J. W. Crudgington, Special Judge.

Action by Ennis & Dale against Bert O. Cator, administrator of George Aitken, deceased, and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

R. E. Taylor, of Henrietta, and A. S. Moss, of Memphis, for appellants. Frank Willis, of Canadian, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HALL, J. This is an appeal from the District Court of Hemphill county where the case had been transferred by agreement from Hansford county. George Aitken was killed, and left surviving him a wife and one minor child. Appellee Cator was legally appointed administrator of the estate of deceased. The estate consisted largely of realty, and, being indebted, the probate court ordered the sale of the realty for the purpose of paying the debts against it. Appellants, being real estate brokers, were employed by the administrator to assist in effecting a sale of the lands described in the petition. They found a prospective purchaser in the person of one Isaac Covalt, who it is alleged agreed to purchase the land upon the terms offered by the administrator. The probate court approved this sale, and the order approving the report closes with this paragraph:

"It is further ordered by the court that the said report be recorded by the clerk of this court, and that the proper conveyance of the property described therein be made to Isaac Covalt, the purchaser named in said report upon his compliance with the terms of said sale, and the agreement of the administrator for the payment of one thousand and no/100 dollars commission upon said sale to Ennis & Dale is hereby allowed and confirmed as proper expense of said sale, and ordered paid out of the first proceeds of said sale."

In the meantime the widow, being a native of Scotland, returned to her home, leaving the entire management and control of the estate in the hands of the administrator. In pursuance of said sale Cator tendered to Covalt his deed conveying the property. Covalt refused to accept the deed, acting upon the advice of counsel to the effect that the widow of Aitken should join in the conveyance. Thereupon Cator requested Mrs. Aitken to join him in the conveyance, and upon her refusal so to do, and the final refusal of Covalt to consummate the sale, Cator applied to the probate court of Hansford county, stating the facts, whereupon the former order, confirming the sale to Covalt, was rescinded and Cator ordered to again place the land upon the market. The land was subsequently sold to another purchaser, who is in no way connected with this controversy. Upon the application of Cator to have the order confirming the sale to Covalt rescinded being filed, appellants herein came into the probate court of Hansford county, praying that the order be not rescinded in so far as it allowed them their commissions. This relief was denied by the court, whereupon Ennis & Dale gave notice of appeal to the district court of Hansford county, and upon a hearing in the latter court their appeal was dismissed on account of defects in the bond. They then filed this suit against Cator as administrator and against his bondsmen. In their petition they allege the appointment and qualification of Cator as administrator, the execution of his bond, the probate proceedings as hereinbefore set out; that on the 30th day of June, 1910, such administrator entered into a contract with them, whereby he employed appellants as brokers to sell said land, agreeing to pay them $1,000 as commissions for their services; that they made the sale for the sum of money, upon the terms and conditions prescribed by the administrator in the contract; that the proposed purchaser, Covalt, was ready and willing to accept a deed to the property so sold him, and able to comply with all the terms and conditions specified in the contract between plaintiff and the administrator. Defendants answered and by way of plea in abatement insisted that the appellants' suit was a collateral attack upon the judgment of the county court of Hansford county, wherein said court, by its order, had rescinded the sale of the lands to Isaac Covalt, and also rescinded the order allowing them the commission of $1,000 due for their services. It is further alleged that the county court of Hansford county alone had jurisdiction to determine the questions involved, and that no appeal had been prosecuted from its judgment. Plaintiffs filed their first supplemental petition, charging that the order passed and entered by the probate court, in which their claim of $1,000 was allowed as commissions, was still in full force and effect; that no appeal by the administrator had ever been prosecuted from said order, and that the effort on the part of their attorneys to prevent the rescission of the order allowing their commission was a mistake of fact, and, being made at a time when the court could not set its former judgment aside, did not cancel the order in allowing said claim, and did not relieve the administrator from the payment thereof. The case was tried without a jury, resulting in a judgment for appellees, from which judgment this appeal is prosecuted.

[1] Appellants' brief contains three assignments of error, numbered 1, 2, and 8. Rule 29 for the Courts of Civil Appeals (142 S. W. xii) provides that assignments as presented in the brief shall be numbered from the first to the last in their consecutive order, but it is not required that they shall be presented in the order in which they appear in the original assignments of error filed with the clerk of the trial court. Because assignment No. 8 is not properly presented, as required by this rule, it will not be considered. Barron & Clarke v. White, 155 S. W. 590; Grisham v. Connell Lumber Co., 164 S. W. 1107; Taylor v. Butler, 168 S. W. 1004.

The first assignment of error is:

"The court below erred in overruling and in not sustaining the objection of the plaintiffs to the application of Bert O. Cator, administrator, offered in evidence by the defendants, praying the court to enter an order canceling and holding for naught the order of the probate court of Hansford county, Tex., confirming the sale of the land belonging to the estate of George Aitken, deceased."

And the second assignment, which is submitted with it, is as follows:

"Because the court erred in overruling and not sustaining the objections of plaintiffs to the

order of the court canceling the sale of the land belonging to the estate of George Aitken, deceased, to Isaac Covalt, and ordering a re-sale of the land, said order being offered in evidence by the defendants."

The following propositions are submitted under these assignments:

"(1) A probate court cannot, at a subsequent term, revise its own final judgment rendered at a previous term.

"(2) The decree of the county court of Hansford county in canceling and holding for naught the order of the probate court of Hansford county, confirming the sale of the land to Isaac Covalt, was void, and as such became immaterial when offered in evidence on the trial of this cause.

"(3) The control of courts over their judgments, orders, and decrees ends with the term at which the same was rendered. When the term is closed the court has no further power over such judgments or decrees for the purpose of revision or modification upon its merits. The rights embraced in said decrees are by such irrevocably concluded and established.

"(4) If an order be entered by a court, setting aside a commission allowed for the sale of real estate at a former term of the court, where the order shows upon its face that the same is not set aside by the court upon its own motion, and where no application is made to have the same set aside, such order so setting aside the allowance is absolutely void and is not binding upon the claimant."

[2] The order allowing the commission was entered before Covalt refused to accept the deed. Upon Covalt's refusal to consummate the sale upon the original terms it seems to us that appellants' right to a commission is defeated because their purchaser was not ready and willing to buy upon the terms offered at the time the contract was made and the deed was tendered to him. In our opinion, they could not, by an original action, recover their commissions, for this reason: No fault on the part of the administrator is shown, and the joinder by the widow was not a term of the original contract of sale, but was subsequently injected into the transaction by Covalt upon the advice of his counsel. We have no doubt that a proper judgment has been rendered, but in deference to appellants' contention will consider the propositions urged by them.

[3, 4] The administrator might have sued Covalt for specific performance of the contract of sale; but, it appearing from the petition that the price of the land had advanced materially between the date of the sale and the revocation of the confirmation order, we think the probate judge acted for the best interest of the estate in vacating and setting aside his former order and ordering a re-sale. Covalt was a resident of Kansas, and a suit in specific performance would have been a tedious, expensive, and an inconvenient undertaking. According to the statutory order of proceedings, the order confirming the sale precedes in point of time the execution and delivery of the deed. Vernon's Sayles' Civil Statutes, arts. 3511–3513. The term of the court may, and frequently does, end before the deed is executed or tendered.

A sale is never really completed until the deed is accepted and the consideration paid or the terms complied with by the purchaser. A failure on the part of the purchaser to comply with all the conditions of course avoids the whole proceeding. If we should admit that the order allowing appellants' claim was a final judgment, still the administrator could, at a subsequent term, by a direct proceeding in the nature of a bill of review, vacate an order made at a former term by showing sufficient grounds. Arthur v. Reed, 26 Tex. Civ. App. 574, 64 S. W. 831; Ruenbuhl v. Heffron, 38 S. W. 1030.

[5] In our opinion the application filed by the administrator was such a proceeding. The confirmation order had been obtained upon representations that Covalt had bought the land upon the prescribed terms. A proper showing that the fact was otherwise is clearly sufficient ground for setting the order aside. It would be a strange doctrine indeed which would deny the administrator the right to have the order of confirmation revoked at a subsequent term of the court upon a showing that the proposed purchaser had failed from any cause in vacation to accept the deed and consummate the deal. This would cloud the title to realty belonging to the estate of decedents, resulting in confusion and uncertainty, and be a prolific source of litigation. In Wall v. Clark, 19 Tex. 326, Roberts, Justice, held that the probate court was empowered to revoke, at a subsequent term, an order for the sale of property which it was shown the estate did not own. Where an order was made at one term authorizing the sale of the whole of a town lot, and another order was made at a subsequent term, authorizing the sale of only one-half of the lot, Williams, Justice, held that the effect of the second order was to revoke the first. Pace v. Fishback, 10 Tex. Civ. App. 450, 31 S. W. 424.

In our opinion the probate court had the right to set aside the entire order, including the allowance for commissions at its subsequent term, and the trial judge did not err in the ruling complained of. Taylor v. Hosick, 13 Kan. 518.

The judgment is therefore affirmed.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes