WILLIAM D. CLEVELAND & SONS v. FIRST STATE BANK OF FLOYD-ADA. (No. 769.)

(Court of Civil Appeals of Texas. Amarillo. April 24, 1915. Rehearing Denied May 15, 1915.)

1. GUARANTY ☞35—CONDITIONAL GUARANTY —OVERDRAFTS.

Where a bank sent drafts to plaintiffs for collection, covered by a shipment of cotton to be sold on commission, and the bank, being informed by plaintiffs that the cotton was of an inferior grade, telegraphed them to remit, and it would protect plaintiffs for the difference, such guaranty was unconditional as against overdrafts, notwithstanding that the bank requested weights and grades as a condition precedent to a sale by plaintiffs.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 37; Dec. Dig. ☞35.]

2. APPEAL AND ERROR ☞722—ASSIGNMENTS OF ERROR—FORM AND PRESENTATION.

Assignments of error not presented and numbered in accordance with Court of Civil Appeals rule No. 29 (142 S. W. xii) will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. ☞ 722.]

Appeal from District Court, Floyd County; R. C. Joiner, Special Judge.

Action by William D. Cleveland & Sons against the First State Bank of Floydada. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

A. P. McKinnon, of Floydada, for appellants. Mathes & Williams, of Plainview, and T. F. Houghton, of Floydada, for appellee.

HALL, J. Appellants filed this suit to recover of W. S. Bingham the sum of $1,384.89 and interest on an account growing out of the shipment of certain cotton during the season of 1912 and 1913. Appellee bank was made a party on account of its guaranty to appellants to protect them against loss on the payment of a draft drawn for the sum of $1,905.70, protected by 35 bales of cotton. There was a verdict and judgment in favor of appellants against Bingham for the sum of $1,444.19, and in favor of appellee, to the effect that appellants take nothing by their suit as against said bank, and that the bank

go hence without day and recover of appellants all costs incurred. On January 28, 1913, the cashier of appellee bank wrote appellants as follows:

"We are sending you under separate cover drafts for collection and returns amounting to $1,905.70, covered by thirty-five b-c. We ask that you take up these drafts for these gentlemen, mailing to us the list of weights and grades for each man's cotton and when the cotton is delivered to you and classed, to sell the same to the best advantage, remitting the balance due them on the cotton to this bank. Assuring you that we will appreciate your best efforts in this business, we are,

"Yours truly, James K. Green, Cashier."

Memorandum:

"W. S. Bingham, 28 bales of cotton. O. B. Olson, 7 bales of cotton."

On January 31, 1913, appellants wrote appellee bank as follows:

"We have your valued favor of January 28th, notifying us of the shipment of thirty-five bales of cotton, against which you inclosed draft for $1,905.70, and we received the bills of lading covering these thirty-five bales of cotton, under separate cover. This cotton has already been delivered to Gohlman-Lester & Co., and they claim the reason the draft was turned down was on account of the cotton being bolly. These parties are drawing about $55.00 per bale and we have never had any business dealings with them and know nothing of their financial standing. However, we will take care of the draft with pleasure if you will guaranty us against overdraft. We cannot tell what we can get for bolly cotton until we offer it for sale but then this is simply hearsay on our part and we do not know whether or not the cotton is bolly and wont know until we receive the samples. Just as soon as we do we will send our receipt, showing the class and weight and will make the best sale possible and will send the proceeds to you for their credit."

On the 14th day of February, 1913, in answer to the foregoing letter, the appellee bank sent the following night letter to appellants:

"Kindly remit for ours January 28th, will protect you for difference. Before offering for sale send us weights and grades."

The foregoing letters and telegram were set out in hæc verba in the plaintiff's petition. Appellant excepted to the following three paragraphs of the petition, and their exceptions were overruled:

(17) "That, had the plaintiff sent this defendant such weights and grades, this defendant could and would have protected itself against the overdraft, if any, by procuring security from the defendant W. S. Bingham."

(18) "And that, because of the failure of plaintiff to send this defendant weights and grades of said cotton, said plaintiff failed to meet the condition of the guaranty contained in said telegram, and cannot now enforce same against this defendant."

(19) "That, because of said plaintiff failing to furnish this defendant said weights and grades of said cotton, it has been prevented from protecting itself against loss on account of overdrafts, if any, against said cotton by defendant Bingham, and that, had this defendant been informed of said weights and grades, it could and would have protected itself against loss because of overdrafts against said cotton, and that, if plaintiff has been damaged at all, it is because of its own failure to perform its undertaking to furnish weights and grades."

Appellant excepted specially as follows:

"(1) Defendant bank does not deny that they sent to plaintiffs the communication as pleaded, guaranteeing plaintiffs against overdrafts, and said communication shows on its face that said guaranty is an absolute guaranty, and depended in no wise upon plaintiff's sending to defendant bank the weights and grades of cotton in question."

"(2) That said answer presents no defense to plaintiff's cause of action on the ground that the guaranty in question was not a conditional guaranty of overdrafts growing out of the matter in question, and said defendant has pleaded no facts which show any damage to said defendant by reason of the failure of plaintiffs to send weights and grades of the cotton in question to defendant."

[1] These exceptions should have been sustained. There is nothing in the correspondence or the telegram which tends to show that the guaranty of appellee, as contained in the night letter, is a conditional one. The request to send weights and grades of the cotton is, by the terms of the telegram, made a condition precedent to the sale of the cotton by appellants, but in our opinion it has no connection whatever with the first sentence of the telegram, which is simply an unconditional promise on the part of the bank to protect appellants in the amount of any overdraft occasioned by the cotton proving to be bolly or of an inferior grade. Maxwell v. Capehart, 62 Minn. 377, 64 N. W. 927.

Appellants cannot be bound by a secret intention, on the part of the bank officials, to protect themselves against loss by requiring of Bingham a deposit for that purpose, unless such intention had been duly communicated to appellants. If the bank wanted the weights and grades for that purpose, and did not intend to guarantee the overdraft, if any, until such weights and grades had been received, such intention was not expressed in either the telegram or the correspondence.

[2] We find that the remaining assignments in appellant's brief are subject to the objections urged by appellee, and further that they are not presented and numbered in accordance with the requirements of Court of Civil Appeals rule No. 29 (142 S. W. xii). The assignment appearing third in order in the brief is numbered 10, and so on. For this reason they will not be considered. Taylor v. Butler, 168 S. W. 1004; Barron v. White, 155 S. W. 590.

For the error pointed out, the judgment is reversed, and the cause remanded.