**REECE et al. v. PURE OIL CO. et al.**

No. 10951.

Court of Civil Appeals of Texas. Dallas.
March 12, 1932.

Rehearing Denied April 23, 1932.

Butler, Price & Maynor, of Tyler, for appellants.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellees.

JONES, C. J.

By a bill of review filed in the probate court of Van Zandt county, appellants, Rosa Reece, joined by her husband, J. T. Reece, Gordon Kidd, Virgil Kidd, and Clyde Kidd, the latter three minors suing by their next friend, Mrs. Lavada Kidd, attempted to have set aside an order of the probate court, entered June 20, 1921, appointing the mother, Mrs. Lavada Kidd, guardian of her four minor children, which order included all of the appellants except the husband, J. T. Reece, who is only a pro forma party, and to have declared null and void all proceedings had under such alleged void guardianship. The appellees include the original purchaser of the land sold under said guardianship, the subsequent owners, and the Pure Oil Company, the present owner. A judgment adverse to appellants was entered in the probate court and the same character of judgment entered on an appeal to the district court of Van Zandt county, from which latter judgment appellants have duly prosecuted an appeal. The following is a sufficient statement to understand the issues discussed:

The application for guardianship was filed in the probate court of Van Zandt county on June 20, 1921, and showed that the minors, all under 14 years of age, owned an undivided interest in two tracts of land, one consisting of 2 acres, and the other consisting of a lot, 60 by 100 feet, both in the town of Van, Van Zandt county. The probate records of Van Zandt county show that, on June 20, 1921, Mrs. Lavada Kidd was appointed guardian of the person and estate of each of the four minor children on her application filed June 20, 1921. The order appointing Mrs. Kidd as guardian, among other recitals, contains the following:

"On this the 20th day of June A. D. 1921, came on to be heard the application of Mrs. L. O. Kidd for letter of guardianship of the person and estates of Rosa, Gordon, Virgil and Clyde Kidd, minors under the age of 14 years.

"And it appearing to the court that due notice of application has been given, and that Mrs. L. O. Kidd is the mother of said minors, and that said minors have no guardian to act for them, and that the said applicant is in every way suited and qualified to receive letters of guardianship.' * * *"

Then follows the order of appointment and the fixing of the bond at $500, and the further order appointing three appraisers. This order was signed by Charles L. Hubbard, county judge of Van Zandt county, and bears the file mark of June 20, 1921, placed thereon by H. J. Craft, then county clerk. The probate docket contains an entry, to the effect that Mrs. Kidd was appointed as guardian June 20, 1921. Judge Hubbard had died previous to the trial of this case, but the entry on the docket is shown to have been in his handwriting.

At the succeeding term of court, on July 6, 1921, the guardian presented to the court her oath and bond as guardian, and the bond was approved by the court on said date. The oath of guardianship shows to have been administered before a notary on June 28, 1921. On July 6, 1921, an application was made by the guardian to sell a portion of the real estate owned by the minors and prayed for an order permitting the sale of the 2 acres of land named in the application. No mention was made in this application of the lot 60 by 100 feet. Later, a report of sale was made of the 2 acres of land and of the said lot, each being described by metes and bounds as a separate piece of real estate, and the sale was approved and the guardian was directed to make a deed to the purchaser. Such deed for both pieces of real estate was duly executed and delivered to the purchaser. Appellees, who hold title to appellants' interest in the land under this deed, claim no other title to such interest. The original bill of review was filed in the probate court of Van Zandt county on June 3, 1930, approximately 9 years after the order appointing Mrs. Kidd as guardian. An agreement between the parties was entered, to the effect that the probate records of Van Zandt county do not show any guardianship proceedings on this matter other than those introduced in evidence. The inventory and appraisement made by the appraisers appointed June 20, 1921, was filed July 6, 1921. The oath of the appraisers was made to the instrument on June 28, 1921, as shown by the certificate of the justice of the peace, administering the oath, as ex officio notary public.

Appellees introduced the evidence of the attorney who prepared and filed the application for guardianship, and who prepared the other guardianship papers introduced in evidence. This evidence is to the effect that, according to his recollection, he prepared the application for guardianship, and the order appointing the guardian at the same time and left them with the clerk, and that the order appointing the guardian was not made on June 20, 1921, but was made July 6, 1921, at the time Mrs. Kidd filed her oath and bond, and had her bond approved. His testimony is further to the effect that due notice was issued on the application after it was filed June 20, 1921, and served in time for the July term of court, but that he had no actual knowledge as to the issuance of notice. The case was tried before the court without a jury, and no findings of fact or conclusions of law were requested.

Appellants contend that the judgment is void on its face, inasmuch as it shows to have been entered on the same day the application was filed, and that, therefore, no service could have been had on minors under 14 years of age. The appellees contend that the recital of due notice in the judgment precludes the idea that it was entered on the day it purports to have been entered, and that such recital

will control all of the other documentary facts in evidence, and further that the testimony of the attorney raises an issue of fact as to whether the judgment was entered at a time when service of due notice was possible, and that, the trial court having resolved this issue of fact in favor of appellees, this court cannot disturb such finding.

The agreement that no application for the appointment of a guardian was filed in the probate court of Van Zandt county, other than the one filed on June 20, 1921, precludes any presumption that there was filed another and earlier application, on which service of notice was duly had. It is our opinion that the controlling question presented on this appeal is, whether the oral evidence of the attorney is sufficient to raise an issue of fact as to the time of the entry of the order in question. This statement is made upon the assumption that the oral evidence of the attorney was admissible over the proper objection by appellants, which question we do not find it necessary to decide.

■ The judgment in question solemnly recites that it was entered "on this the 20th day of June, A. D. 1921," and further solemnly recites that "due notice of said application has been given." The application for the appointment of a guardian is the necessary foundation for the subsequent judgment of the probate court making the appointment. The application was filed on June 20, 1921, and this date of filing is admittedly correct. The contest is over the time the order was made by the probate court, decreeing the appointment of Mrs. Kidd as guardian of her four minor children. If such order was made on the day it recites, then the conclusion is inescapable that the recital that due notice of the application had been given is untrue. If the recital in the order of due notice be true, then it is inescapable that the other recital, as to the date the order was made, is untrue. The presumption of verity follows the one recital no more than it follows the other recital, because each recital is a part of the judicial order.

Which recital is true? In determining the solution of this question, regard should first be had to other records of the probate court of Van Zandt county, made in this guardianship proceeding. For they do not rest on the known infirmity of human memory after the lapse of the long period of time that ensued in this case before the witness testified. The probate docket shows an entry on June 20, 1921, of the appointment of Mrs. Kidd as the guardian of these minors, in the handwriting of the probate judge, whose duty it was to make such entry. Then again, the order of June 20, 1921, appointed three men as appraisers of the property belonging to the minors, and these three men made the required appraisement and verified their work,

Their oath of verification is shown, by the instrument to which they subscribed, to have been made June 28, 1921. This shows that the appraisers were acting prior to the time appellees contend the order, appointing the guardian and naming the appraisers, was in existence, and prior to the time any valid order·could have been made on the application filed June 20, 1921, because the statutory notice of such application would have been impossible within the time the appraisers acted. The probate court shows that Mrs. Kidd qualified as guardian on July 6, 1921, by filing her oath and bond. This oath and bond shows that the oath of Mrs. Kidd was taken on June 28, 1921, at a time preceding the judgment of the probate court appointing her as guardian, if appellees' contention be accepted, and also at a time when she could not have been legally appointed, because due notice of her application could not have been given within such time.

Against this array of facts, drawn from the probate records of this guardianship, there is opposed only the recollection of the witness who prepared the order appointing Mrs. Kidd as guardian to the effect that, according to his recollection, the order of appointment as guardian was not made until July 6, 1921. The honesty of the attorney who gave his testimony is not questioned by this court.

■ To our minds, the conclusion is irresistible that the judgment appointing Mrs. Kidd guardian was made on June 20, 1921, and could not have been made on July 6, 1921, and that the oral evidence resting on the uncertainty of memory is insufficient to raise an issue of fact against the correctness of this date. Threatt v. Johnson et al. (Tex. Civ. App.) 156 S. W. 1137; Arthur v. Reed, 26 Tex. Civ. App. 574, 64 S. W. 831; Hannon v. Henson (Tex. Civ. App.) 7 S.W.(2d) 616; Collins v. Miller, 64 Tex. 118; Lipscomb v. Japhet, (Tex. Civ. App.) 18 S.W.(2d) 786; Pure Oil Co. v. Clark et al. (Tex. Civ. App.) 35 S.W. (2d) 838; Lutcher et al. v. Allen et al., 43 Tex. ·Civ. App. 102, 95 S. W. 572; Pumphrey v. Hunter et al. (Tex. Civ. App.) 270 S. W. 237.

■ We therefore hold that it conclusively appears from the records of the probate court of Van Zandt county that the statutory notice on the application of Mrs. Kidd for letters of guardianship was not given, that the probate court of Van Zandt county had no jurisdiction to appoint Mrs. Kidd as guardian, and that the probate order appointing her guardian is void. It necessarily follows that all orders made by the probate court in such void guardianship proceedings are void, and that appellants' title to their interest in the land in question remains in them. The judgment of the lower court is therefore reversed, and here rendered in favor of appellants.

Reversed and rendered.